552 A.2d 258

**John CERESINI and Julia Ceresini, Appellees,**

v.

**VALLEY VIEW TRAILER PARK, Ephrata, Inc., Appellants.**

Superior Court of Pennsylvania.

Argued Dec. 18, 1987.

Filed Dec. 21, 1988.

---

Christopher S. Underhill, Lancaster, for appellants.

Eric J. Swan, Philadelphia, for appellees.

Before CIRILLO, President Judge, and CAVANAUGH, BROSKY, ROWLEY, McEWEN, OLSZEWSKI, MONTEMURO, POPOVICH and JOHNSON, JJ.

PER CURIAM:

This appeal is from a judgment which assessed delay damages against appellant Valley View Trailer Park. In assessing damages, the trial court sought to comply with the requirements of *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986), and the present appeal focused on the proper interpretation of that case as it modified the provisions of Pa.R.C.P. 238. On November 7, 1988, while this matter was still pending in this court, our Supreme Court rescinded Rule 238 governing Damages for Delay in an Action for Bodily Injury, Death or Property Damage and on the same date promulgated a new Rule 238, effective immediately. The new Rule 238 applies

to "actions pending on or after the effective date of this rule in which damages for delay have not been determined".

In determining whether the new Rule 238 applies to the matter pending before us, we are guided by Pa.R.C.P. 52 which states:

**Rule 52. Effective Date.**

Application to Pending Actions

(a) A rule or an amendment to a rule shall be effective upon the date specified by the Supreme Court.

.     .     .     .     .

(c) *Unless the Supreme Court specifies otherwise, a rule or an amendment to a rule shall apply to actions pending on the effective date.* (Emphasis added).

See also, *Sherry v. Trexler Haines Gas, Inc.*, 373 Pa.Super. 330, 541 A.2d 341 (1988).

The Supreme Court has not directed otherwise and new Rule 238 applies to actions pending before us on the effective date of the Rule. A reading of *Craig v. Magee Memorial Rehabilitation Center, supra,* reveals the intent of the Supreme Court that its decision (involving Rule 238) should apply to cases "pending in the courts of this Commonwealth" where the issue of the delay damage aspect of the damage award has been preserved. Since we must assume that the new Rule 238 is simply the embodiment of the changes contemplated by our Supreme Court in *Craig* we see no reason why the scope of its effectiveness should be different from that enunciated in *Craig.* See also, *Pivirotto v. City of Pittsburgh,* 515 Pa. 246, 528 A.2d 125 (1987). Not to apply new Rule 238 to cases pending in the appellate courts where the propriety of delay damages entered by the court below is at issue would require a strained reading of new Rule 238 which states that it applies to "actions pending on or after the effective date of this Rule *in which damages for delay have not been determined."* (Emphasis added). Unless delay damages have not been initially determined by the court below, there would be no basis on which the matter could be before us for review. The appropriate-

ness of the award of delay damages is the only issue before us in this case. In our opinion, the Rule applies to all actions pending at the trial level, or on appeal, in which the issue of delay damages has been preserved and not finally determined, as in this case.

Moreover, whether or not we apply the new Rule 238 to cases on appeal, the result is the same for if we were to ask if the lower court properly complied with the requirements of *Craig*, logically we would be compelled to find that the new Rule 238 is a specific promulgation of the Supreme Court's intention as set forth in the *Craig* opinion.

The dissenting opinion by President Judge Cirillo also determined that the trial court has imposed delay damages precisely in accordance with new Rule 238, even though it did not have the benefit of the Rule when it made its award. We disagree with the conclusion. New Rule 238 is quite complex and differs from the prior rule in a number of respects including the monetary formula for the calculation of damages. We believe the court must consider the entire rule in order to correctly ascertain delay damages and the court below must consider it in assessing damages. Since the delay damages assessed in this case have not been finally determined, we remand to the trial court for assessment of delay damages in accordance with Pa.R.C.P. 238, effective November 7, 1988.

JUDGMENT REVERSED.

JURISDICTION IS NOT RETAINED.

CIRILLO, President Judge, and POPOVICH, J., files dissenting opinions.

McEWEN, J., did not participate in the consideration or disposition of this appeal.

CIRILLO, President Judge, dissenting:

I must respectfully dissent.

The amendments to Rule 238, upon which the majority relies in remanding this case for a redetermination of delay damages, were promulgated by the supreme court in the wake of *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986), which held invalid on due process and equal protection grounds the mandatory provisions of former rule 238. These amendments, by their terms, are applicable only in cases "in which damages for delay have not been determined." Pa.R.C.P. 238(f). In this case, delay damages were determined—by the trial court. I believe the majority ignores the plain meaning of this section in remanding this case for treatment under the new rule on the basis that such damages have not been "finally determined." Had this result been intended, the language of the rule would have made it clear. *Compare Craig*, 512 Pa. at 65–66, 515 A.2d at 1353 (delineating prospective effect of that decision).

This is not to say, however, that the promulgation of the new rule has no effect upon our disposition of this appeal. In adopting new rule 238 as a cure for the constitutional infirmities addressed in *Craig*, the supreme court has given us guidance in interpretation of that decision which we may not ignore. Clearly, the supreme court is of the opinion that due process and equal protection are satisfied by a prejudgment interest rule which, although fault-based, assesses a penalty upon defendants based only upon a determination as to whether *plaintiffs* have been at fault in delaying resolution of a dispute. For us to interpret *Craig* as appellants would have us do, that is, to require the trial court to make a determination as to the extent of *defendant's* fault in causing delay and to assess delay damages only for that delay, would fly in the face of the explication of *Craig* that is implicit in a new rule 238. Because the trial court here made its finding of fault precisely as the new rule and, by implication, *Craig* would require, and because appellant has challenged only the fault-finding process employed by that court, I would conclude that the judgment entered in the trial court must be affirmed.

I do not reach this conclusion with complete equanimity, however, and I feel constrained to point out what I see as serious constitutional problems with the new rule, and with interpreting *Craig* as the supreme court has intimated we must. It seems to me that the supreme court is authorizing the punishment of defendants *qua* defendants. Although that court evinced concern in *Craig* over the fault of defendants in assessing delay damages against them, merely subtracting plaintiff's time from the overall delay has the result of charging defendants with delay which was the fault of neither party. In doing so, it makes defendants culpable for the simple reason that they have chosen to defend their case. Clearly, this court is constrained to follow *Craig* as the supreme court intended it, and, here, no constitutional challenges to the old rule were raised. It is my belief, however, that the problem merely lies dormant.

I therefore conclude, albeit with reservations, that the judgment of the trial court should be affirmed.

POPOVICH, Judge, dissenting:

I cannot join the Majority in what I perceive to be an unnecessary remand to afford the trial court the opportunity to calculate delay damages under the new Pa.R.Civ.P. 238, which became effective November 7, 1988.

In the "Explanatory Comment" following the new Rule 238, the purpose of subdivision (f), which provides that the revised Rule applies to all pending actions in which the issue of damages for delay has been determined, is explained; to-wit:

> The purpose of this [subdivision (f) ] is to indicate that the rule applies to pending as well as future actions *but not to pending actions in which the damages for delay have been determined under the provisions and procedures of the Craig [v. McGee Memorial Rehabilitation Center,* 512 Pa. 60, 515 A.2d 1350 (1986),] *case.* Once damages for delay have been determined under *Craig,* those pro-

ceedings are final and are not to be reopened under this rule.

(Emphasis added)

The Majority offers that a remand is necessary "[s]ince the delay damages assessed in this case are ... not in precise accordance with the new Rule 238...." To the contrary, however, the *Comment* to new Rule 238 directs that its provisions are not to be applied "to pending actions in which damages for delay have been determined under the provisions and procedures of the *Craig* case." No mention is made that compliance has to be with the provisions of new Rule 238 to avoid a "pending" case from being "reopened" and scrutinized under the new Rule's requirements.

Prior to the promulgation of the November 7, 1988 Rule 238, this en banc Court had "determined" the delay damages question in the case at bar, and we did so "under the provisions and procedures of the *Craig* case", as did the trial court. Therefore, because the delay damages issue had been resolved, consistent with the *Comment* to Rule 238, this case should not be subject to being reopened in the name of new Rule 238.

If the Pennsylvania Supreme Court, speaking through the Civil Procedural Rules Committee via the *Comment* to Rule 238, intended *all* delay damages cases to comply with the dictates of new Rule 238, it could have done so easily by directing that *all* pending actions involving delay damages be controlled by the new Rule 238. It chose not to do so, and this leads this writer to conclude that the Supreme Court did so to exclude from the ambit of new Rule 238 those cases, albeit pending, wherein the damages for delay have been assessed under the *Craig* ruling. Such cases ("proceeding") are final and are not susceptible to being reopened under the guise of new Rule 238.

Accordingly, for the reasons stated herein, I respectfully dissent to the Majority's remand of this case, a procedure which will unnecessarily protract the resolution of an issue which has consumed, already, too much of the judiciary's time and energy.