553 A.2d 85

Norman STAATS, Administrator of the Estate of Earl Staats, a Minor, and Norman and Judith Staats, Appellants,

v.

William B. NOLL and Evangeline Noll, husband and wife, and Anthony P. Kilpatrick, Appellees.

Superior Court of Pennsylvania.

Argued Dec. 18, 1987.

Filed Jan. 19, 1989.

---

Arthur L. Pressman, Philadelphia, for appellants.

Nicholas Noel, III, Bethlehem, for appellees.

Before CIRILLO, President Judge, and CAVANAUGH, BROSKY, ROWLEY, McEWEN *, OLSZEWSKI, MONTEMURO, POPOVICH and JOHNSON, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order denying a petition to award delay damages pursuant to Pa.R.C.P. 238. The issue presented on appeal is whether the trial court erred in determining that appellants were not entitled to delay damages when appellants claim they were without fault, and when appellees failed to make any written settlement offer during the interim between the incident and trial. We remand to the trial court for assessment of delay damages in accordance with the new Rule 238, effective November 7, 1988.

Appellants' decedent, Earl Staats, died on September 3, 1983. On May 16, 1984, appellants filed a complaint assert-

---

* McEwen, J., did not participate in the consideration of or decision upon this appeal.

ing wrongful death and survival actions against appellees for serving alcoholic beverages to Earl to the point of intoxication, which proximately caused his death. Appellees joined additional defendants out-of-time on November 27, 1985. The additional defendants were dismissed prior to trial. At a pre-trial conference on April 16, 1986, it was agreed that trial would not be listed for June in order for appellants to continue to obtain expert witnesses. Trial commenced on October 21, 1986, and on October 28, 1986, the jury returned a verdict in favor of appellants in the amount of $83,019.70.

Appellants subsequently filed a petition to award delay damages. After conducting a conference on November 14, 1986, in which it was agreed that no additional fact-finding was necessary, the trial court denied appellant's petition on December 15, 1986.

Appellants maintain that they are entitled to delay damages under Rule 238 because appellants were without fault in causing the delay and deserve to be made whole. Additionally, appellants claim that appellees' failure to make a written settlement offer was sufficient evidence of fault to support assessing delay damages against appellees. The trial court, in compliance with *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986), adequately considered the criteria enunciated in *Craig* regarding fault for the delay.

On November 7, 1988, however, while this matter was still pending before this Court, our Supreme Court promulgated a new Rule 238, effective immediately. In our recent *en banc* panel decision of *Ceresini v. Valley View Trailer Park, Ephrata, Inc.*, 380 Pa.Super. 416, 552 A.2d 258 (1988), this Court determined:

> The new Rule 238 applies to "actions pending on or after the effective date of this rule in which damages for delay have not been determined...."

> In our opinion, the Rule applies to all actions pending at the trial level, or on appeal, in which the issue of delay

damages has been preserved and not finally determined....

New Rule 238 is quite complex and differs from the prior rule in a number of respects including the monetary formula for the calculation of damages. We believe the court must consider the entire rule in order to correctly ascertain delay damages and the court below must consider it in assessing damages. Since the delay damages assessed in this case have not been finally determined, we remand to the trial court for assessment of delay damages in accordance with Pa.R.C.P. 238, effective November 7, 1988.

380 Pa.Superior Ct. at 417–418, 552 A.2d at 259.

In the instant case, delay damages have not been finally determined for the purposes of the new Rule 238 because a determination of the appropriateness of the delay damages is pending before this Court. We, therefore, find it necessary to remand for a hearing to determine delay damages in accordance with the new Pa.R.C.P. 238, effective immediately.

Order vacated and case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

CIRILLO, President Judge, filed a dissenting statement.

POPOVICH, J., filed a dissenting opinion.

BEFORE: CIRILLO, P.J., and CAVANAUGH, BROSKY, ROWLEY, McEWEN, OLSZEWSKI, MONTEMURO, POPOVICH and JOHNSON, JJ.

CIRILLO, President Judge, dissenting:

I respectfully dissent for the same reasons expressed in my dissenting opinion in *Ceresini v. Valley View Trailer Park*, 380 Pa.Super. 416, 552 A.2d 258 (1987) (en banc) (Cirillo, P.J., dissenting).

166

POPOVICH, Judge, dissenting:

I dissent consistent with my Dissenting Opinion by Popovich, J. in *Ceresini v. Valley View Trailer Park, Ephrata, Inc.,* 380 Pa.Super. 416, 552 A.2d 258 (1988) (*en banc*).