557 A.2d 363

**Carl C. MODRICK, Jr.**

v.

**The B.F. GOODRICH COMPANY, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 13, 1988.

Filed Feb. 16, 1989.

500

James D. Belliveau, Pittsburgh, for appellee.

Before BROSKY, JOHNSON and MELINSON, JJ.

BROSKY, Judge:

This appeal lies from the judgment entered on a molded jury verdict which was amended to include an award for delay damages imposed solely upon appellant.

As its sole issue, appellant alleges that it should not be responsible for delay damages because it was not held liable for any delay in the case. Finding the award of delay damages to have been proper but not in conformity with newly enacted Pa.R.C.P. 238, as embodied in *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986), and interpreted by this court in *Ceresini v. Valley View Trailer Park*, 380 Pa.Super. 416, 552 A.2d 258 (1988, *en banc*), we vacate the judgment entered on the molded verdict, as amended, and reverse and remand with directions. Our reasoning follows.

The record relates that appellee instituted this cause of action by filing a Complaint against appellant on November 13, 1984, alleging injuries growing out of a motor vehicle accident which occurred on April 15, 1983. The matter was placed at issue, certifying readiness for trial, on January 21,

1985. The parties conducted discovery, and the case was then listed for trial on the November 1986 trial list.

Trial commenced on December 4, 1986, with a verdict ultimately rendered on December 9, 1986, in the amount of sixty-six thousand dollars ($66,000.00), as molded by the trial court to reflect a forty percent reduction for the comparative negligence of appellee.

Following verdict, appellee filed a Petition requesting delay damages from November 13, 1984, the date on which the Complaint was filed, to the verdict date of December 9, 1986. Appellant filed a response and "New Matter" thereto opposing any award of damages for delay on the basis that it had engaged in no conduct which would justify the imposition of delay damages and alleging court calendar delay and appellee's unreasonably high settlement demand as further reasons for its failure to make an earlier settlement offer.

On December 21, 1986, the trial court entered an Order amending the molded verdict of sixty-six thousand dollars ($66,000.00) to include an award of delay damages in the amount of sixteen thousand seven hundred eighty-three dollars ($16,783.00), for a total verdict of eighty-two thousand seven hundred eighty-three dollars ($82,783.00). This appeal followed the entry of judgment on the molded verdict as amended.

The trial court awarded delay damages apparently pursuant to a stipulation [1] purportedly entered into by counsel for both parties. The sum and substance of the court's rationale is set forth in its one-sentence Opinion as follows: "The Court entered an Order for delay damages without any hearing pursuant to stipulation filed by counsel for

1. Although referred to by the trial court as having been "filed by counsel", the subject stipulation was never filed in the trial court and, consequently, does not appear as part of the record certified to this court. We note, further, that a document bearing the label "Stipulation" is included in the reproduced record but is undated and unsigned by counsel for either party. As a matter of course, we are precluded from considering any of the "facts" so "stipulated" unless they appear elsewhere in the verified record.

plaintiff and defendant that 'Neither Modrick [appellee herein] nor BFG [appellant herein] requested any continuances, delays, or postponement of the case after it had been placed at issue.' "

■ On appeal, appellant argues that since the trial court, after hearing, found no delay in the ordinary course of the case attributable to either party, it should not be compelled to respond in delay damages. Newly enacted Rule 238,[2] however, rejects this position. A fair reading of this new Rule in subsection (b)(1) thereof leads to the conclusion that where a defendant fails to make a settlement offer in compliance with the terms of the Rule and where both parties are determined to be free from fault in causing any delay in the normal course of the litigation by requesting any continuances or postponements, a defendant

2. This Rule, newly promulgated on November 7, 1988, provides in subsection (f) as follows: "This rule shall apply to actions pending on or after the effective date of the rule in which damages for delay have not been determined."

In *Ceresini v. Valley View Trailer Park,* 380 Pa.Super. 416, 552 A.2d 258 (1988), we stated:

A reading of *Craig v. Magee Memorial Rehabilitation Center,* [512 Pa. 60, 515 A.2d 1350 (1986)], reveals the intent of the Supreme Court that its decision (involving Rule 238) should apply to cases 'pending in the courts of this Commonwealth' where the issue of the delay damage aspect of the damage award has been preserved. Since we must assume that the new Rule 238 is simply the embodiment of the changes contemplated by our Supreme Court in *Craig* we see no reason why the scope of its effectiveness should be different from that enunciated in *Craig....* Not to apply new Rule 238 to cases pending in the appellate courts where the propriety of delay damages entered by the court below is at issue would require a strained reading of new Rule 238 which states that it applies to 'actions pending on or after the effective date of this Rule *in which damages for delay have not been determined.'....* Unless delay damages have not been initially determined by the court below, there would be no basis on which the matter could be before us for review. The appropriateness of the award of delay damages is the only issue before us in this case. In our opinion, the Rule applies to all actions pending at the trial level, or on appeal, in which the issue of delay damages has been preserved and not finally determined....

*Id.,* 380 Pa.Superior Ct. at 418–419, 552 A.2d at 258; emphasis in text; citation omitted.

is nonetheless responsible for the payment of damages for delay.

In its Brief to this court, appellant launches a dual-faced attack in opposition to the assessment of delay damages against it. First, it contests the imposition of delay damages for the entire period between January 21, 1985, the date on which the case was placed "at issue", and the verdict date of December 9, 1986, because the delay was caused by neither party. Instead, appellant attributes the delay for this period to the trial court for its inability to schedule the case until the November 17, 1986 call of the list, in "not permit[ting] jury selection to begin December 2, 1986 ... and [in] not allow[ing] testimony to begin until December 4, 1986...." Appellant's Brief, 7. Appellant phrases his rationale as follows:

> To assess delay damages against Goodrich [appellee herein] when it was not responsible for the delay in the scheduling of the trial, the jury selection, or the testimony would penalize Goodrich without fault. In addition, it would violate the holding in *Craig* that liability by mere civil defendant status is not the law of Pennsylvania and cannot be the basis for awarding pre-judgment interest. Goodrich cannot be penalized for being a civil defendant in a court system that cannot or will not give civil litigants priority in its overall agenda.[3]

*Id.*

Unfortunately for appellant, this precise argument makes the case for the imposition of delay damages against it under new Rule 238 despite the trial court's determination that neither party contributed to any delay by requesting continuances or postponements subsequent to the matter being placed at issue. Elimination from the computation of delay damages the span of time between January 21, 1985, and the December 9, 1986 verdict date is contradistinct to

---

**3.** As an aside, appellant's insistence that this case should have been given a priority listing for trial is inconsistent with Pa.R.C.P. 214 which lists the order of preference in which certain classes of cases shall be assigned to trial lists. The matter at bar is not of the class of cases so enumerated in the Rule.

the express mandate of the new Rule as set forth in subsection (b) thereof:

(b) The period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any,

(1) after which the defendant has made a written offer of

(i) settlement in a specified sum with prompt cash payment to the plaintiff, or

(ii) a structured settlement underwritten by a financially responsible entity,

and continued that offer in effect for at least ninety days or until commencement of trial, whichever first occurs, which offer was not accepted and the plaintiff did not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of either the specified sum or the actual cost of the structured settlement plus any cash payment to the plaintiff or

(2) during which the plaintiff caused the delay of the trial.

It is clear from the above that the newly enacted Rule does not permit the exclusion from the calculation of delay damages periods of delay for which no party is responsible due to extraneous administrative concerns. Under this new Rule, the exclusion of the time encompassing the period January 21, 1985, to December 9, 1986, from consideration of any fault-based delay is, at least implicitly, now disallowed. Subsection (b) is express in terms of allowable exclusions. Under subsection (b)(1), the requisite offer of settlement must be made in writing, maintained in effect for the period provided by the Rule, not accepted by the plaintiff and, finally, not exceeded by more than one hundred twenty-five percent (125%) of the ultimate verdict rendered. Subsection (b)(2) states that alternative exclusions may become applicable when the trial court determines that the plaintiff has caused some delay which has actually impeded the normal progress of the case towards trial. Therefore, the trial court was correct in awarding

delay damages for the period between the "issue" date and the date of verdict.

The second facet of appellant's twin-pronged attack upon the trial court's imposition of delay damages against it, despite a determination that both parties were fault-free, centers around appellant's attempted, yet unsuccessful, settlement negotiations. Appellant alleges that the settlement process was rendered difficult because of appellee's extraordinarily high initial demand, the lateness of this demand (approximately five weeks before trial) and the fact that the ultimate verdict rendered, as molded by the trial judge in the amount of sixty-six thousand dollars ($66,-000.00), was only thirty-two percent higher than appellant's final offer of fifty thousand dollars ($50,000.00).

The "settlement history" of this case, as delineated in appellant's Brief to this court, in its Answer and New Matter to Appellee's Petition for delay damages and in its Brief in opposition to appellee's request for delay damages, relates that counsel for appellant requested a settlement demand from counsel for appellee in the Spring 1986. This demand, in the amount of five hundred fifty thousand dollars ($550,000.00), was not made until October 28, 1986, approximately five weeks before the commencement of trial. Counsel for appellee advised that the lateness of the demand was due to difficulty in evaluating his client's case. At a pre-trial conciliation held prior to the selection of the jury, this demand was reduced by one hundred thousand dollars ($100,000.00). In response, and for the first time since the initiation of suit, appellant offered to settle appellee's claim for twenty-five thousand dollars ($25,000.00). This offer remained in effect up to the second day of trial when appellee reduced his demand to two hundred thousand dollars ($200,000.00). Appellant then countered with its second and final offer of fifty thousand dollars ($50,000.00) prior to return of the verdict.

Appellant's contentions have been expressly addressed or may be fairly implied from the language of the new Rule. Subsection (b)(1) of this new enactment requires a defen-

dant to make a *written* offer of settlement. The state of the record in this case does not permit us to conclude that the two offers were made in accordance with the strictures of this provision. The first offer was made at a pre-trial conciliation in court. The second offer came during mid-trial. The record does not evidence that either offer was in writing. Under either subsection (b)(1) of the current Rule or its predecessor subsection (e), an oral offer is not an acceptable mitigating factor and is tantamount to no settlement offer at all. Consequently, the trial court committed no error of law in concluding that an award of damages for delay in favor of appellee was proper.

Even assuming that the two offers had been made in writing, appellant's two arguments in mitigation of damages—the failure or lateness of a demand on the part of appellee and, secondly, its manifestation of good faith in attempting to settle—find no support in the language of the new Rule. The imposition of a requirement that a plaintiff make a settlement demand upon a tortfeasor as a condition precedent to the latter's obligation to make a reasonable offer in writing and that the failure to make such demand would preclude an award of delay damages or operate as a factor in mitigation of an award would run contrary to the twin purposes of new Rule 238 which are to alleviate delay in the courts and to encourage tortfeasors to settle meritorious claims expeditiously. *See* Comment following new Rule 238 and *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 436 A.2d 147 (1981). In a similar fashion, appellant's plea of good faith based upon only a thirty-two percent differential between its final offer of fifty thousand dollars and the verdict figure of sixty-six thousand dollars fails to persuade in light of the express mandate of newly promulgated Rule 238(b) which authorizes the imposition of delay damages if the plaintiff fails to recover by verdict (as in this case) more than one hundred twenty-five percent (125%) of the offered settlement. Here, as appellant concedes, appellee recovered a verdict which exceeded appellant's second and final settlement offer by one hundred thirty-two percent (132%).

We have already determined that the newly enacted Rule is applicable to the case at bar. *See Ceresini, supra; see also* at note 2, *supra* at 364–365. We are also mindful that newly promulgated Rule 238 in subsection (c) thereof and *Craig* do not require the trial court to hold a hearing. Instead, the court may determine the application for delay damages solely upon Petition and Answer. In the present case, we will consider the trial court to have predicated its determination that delay damages are awardable to appellee based upon this latter procedure, even though the trial court, in its Opinion, states that this finding was made pursuant to stipulation of the parties. As we have indicated at note 1, *supra* at 364, we are precluded from considering any of the facts so stipulated unless they appear elsewhere in the record because the stipulation, itself, was not filed of record. Nevertheless, as noted several times in our discussion, the trial court properly concluded that appellee was entitled to damages for delay.

■ However, because we are unable to ascertain from the language of the trial court's opinion whether the award of delay damages was calculated from January 21, 1985, the date on which the case was placed at issue, or whether the court assessed delay damages to run from November 13, 1984, the date on which appellee's Complaint was filed, we must remand for clarification and possible adjustment of the award in that regard. Subsection (a)(2)(i) of new Rule 238 states that in a case where the action commenced prior to August 1, 1989, delay damages shall be awarded, as is pertinent here, from the date the plaintiff first filed its complaint.

Upon remand, if the trial court finds that the award reflects only the period from January 21, 1985, to verdict, it shall amend the award in accordance with the directive of new Rule 238(a)(2)(i). Additionally, we remind the trial court that the applicable rate of interest at which delay damages are to be calculated has been amended under new Rule 238. Former Rule 238, in subsection (a)(1), provided that delay damages were to be calculated at the rate of ten

percent (10%) per annum not compounded. Now, however, "[d]amages for delay shall be calculated at the rate equal to the prime rate as listed in the first edition of the Wall Street Journal published for each calendar year for which the damages are awarded, plus one percent, not compounded." Pa.R.C.P. 238(a)(3). Again, on remand, the trial court shall calculate its delay damage award according to this new formula. This recomputation must be accomplished regardless of whether the initial award is to be adjusted to conform to the provisions of new Rule 238(a)(2)(i).

The decision to remand instantly for compliance with the new Rule is no less consistent with our recent holding in *Ceresini, supra*, where we said that "the new Rule 238 is a specific promulgation of the Supreme Court's intention as set forth in the *Craig* opinion." 380 Pa.Superior Ct. at 418, 552 A.2d at 259. This court continued:

> Rule 238 is quite complex and differs from the prior rule in a number of respects including the monetary formula for the calculation of damages. We believe the court must consider the entire rule in order to correctly ascertain delay damages[,] and the court below must consider it in assessing damages.

*Id.*, 380 Pa.Superior Ct. at 418, 552 A.2d at 259.

Hence, since delay damages, albeit proper here, have not been determined in accordance with this new Rule, we reverse and remand.

Judgment entered on Order amending molded verdict to include award of delay damages is vacated. Matter is reversed and remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

JOHNSON, J., files a dissenting statement.

JOHNSON, Judge, dissenting:

Although I joined in the majority opinion in *Ceresini v. Valley View Trailer Park*, 380 Pa.Super. 416, 552 A.2d 258 (1988), I am now convinced that our interpretation of newly-promulgated Rule 238 was, and is, a mistake. In *Ceresini*,

we concluded that the new rule must be applied to all cases in which damages for delay have not been "finally" determined. We further held that in all cases where the damages had not been "finally determined," remand was required for application of *all* the provisions of the new rule.

I have now concluded that our supreme court could not possibly have intended such a result, at least on the facts presented here.

In this case, the trial court did determine delay damages. This case was submitted to our panel without oral argument. There is no suggestion that the plaintiff was responsible for any delay. The only issue raised was whether damages could be assessed without a showing of fault on the part of the defendant.

Where there is no dispute as to the facts, and where the appellant has not contended that the plaintiff caused delay, I conclude that the judgment on the molded verdict should remain undisturbed.

I recognize my position is inconsistent both with the holding of our court in *Ceresini* and my own position in that case. Nevertheless, I find myself compelled to dissent.