554 A.2d 565

**Betty J. BAKER, Executrix of the Estate of Thomas Motel, Deceased, Appellant,**

**v.**

**S. & L. SERVICE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 3, 1988.

Filed Feb. 21, 1989.

638

John M. Humphrey, Williamsport, for appellant.

Thomas K. Kistler, Bellefonte, for appellee.

Before CAVANAUGH, OLSZEWSKI and POPOVICH, JJ.

CAVANAUGH, Judge:

The sole issue in this appeal is the propriety of the award of delay damages by the court below. A verdict was entered in favor of the plaintiff below, who is the appellee herein, in the amount of $283,281.43. The court awarded delay damages on the amount of the verdict at the rate of ten (10%) per cent per year to be computed from May 17, 1986 through the date of payment.

An appeal from the award of delay damages was pending in this court on November 7, 1988 when new Rule 238 of the Pennsylvania Rules of Civil Procedure became effective. The instant case is controlled by this Court's recent *en banc* decision in *Ceresini v. Valley View Trailer Park*, 380 Pa.Super. 416, 552 A.2d 258 (1988) wherein we stated at page 380 Pa.Superior Ct. 418, 552 A.2d at 259:

In determining whether the new Rule 238 applies to the matter pending before us, we are guided by Pa.R.C.P. 52 which states:

Rule 52.   Effective Date.

Application to Pending actions

(a) A rule or an amendment to a rule shall be effective upon the date specified by the Supreme Court.

. . . . .

(c) *Unless the Supreme Court specifies otherwise, a rule or an amendment to a rule shall apply to actions pending on the effective date.* (Emphasis added.)

*See also, Sherry v. Trexler Haines Gas, Inc.,* [373] Pa. Super. [330], 541 A.2d 341 (1988).

*The Supreme Court has not directed otherwise and new Rule 238 applies to actions pending before us on the effective date of the Rule.* (Emphasis added.)

We further stated in *Ceresini, supra,* 380 Pa.Superior Ct. at 419, 552 A.2d at 259:

The appropriateness of the award of delay damages is the only issue before us in this case. *In our opinion, the Rule applies to all actions pending at the trial level, or on appeal, in which the issue of delay damages has been preserved and not finally determined, as in this case.* (Emphasis added.)

In *Ceresini,* as in the instant case, the court below entered delay damages, and the issue on appeal was the appropriateness of the damages. We remanded in *Ceresini,* as we must in this case, for the court below to assess delay damages in accordance with new Rule 238.

The dissenting opinion states at page 569:

Once damages for delay have been "determined" by a trial court, in accordance with the provisions and procedures of the *Craig* case, the matter is not subject to reassessment merely because it was "pending" on appeal at the time that new Rule 238 became effective.

This is directly contrary to *Ceresini v. Valley View Trailer Park, supra.*

One further word must be added with respect to the majority's discussion of *Craig v. Magee Memorial Rehabili-*

*tation Center*, 512 Pa. 60, 515 A.2d 1350 (1986), and whether the trial court complied with the mandate of *Craig*. In *Ceresini, supra*, 380 Pa.Super. at 419, 552 A.2d at 259 we noted:

> Since we must assume that the new Rule 238 is simply the embodiment of the changes contemplated by our Supreme Court in *Craig*, we see no reason why the scope of its effectiveness should be different from that enunciated in *Craig*.

> . . . . .

> Moreover, whether or not we apply the new Rule 238 to cases on appeal, the result is the same for if we were to ask if the lower court properly complied with the requirements of *Craig*, logically we would be compelled to find that the new Rule 238 is a specific promulgation of the Supreme Court's intention as set forth in the *Craig* opinion.

Order reversed and case remanded for the assessing of delay damages in accordance with new Rule 238. We relinquish jurisdiction.

POPOVICH, J., files dissenting opinion.

POPOVICH, Judge, dissenting:

Albeit I agree that the order of the Court of Common Pleas of Clinton County, directing the defendant/S. & L. Service Company to pay delay damages on a verdict of $283,281.43 entered in favor of the plaintiff/Betty J. Baker, Executrix of the Estate of Thomas Motel, deceased, requires reversal, I cannot join in the majority's rationale for doing so.

The record discloses that on December 16, 1980, the plaintiff praeciped the prothonotary to issue a writ of summons against various defendants, one of which was S. & L. Service Company. Receipt of the writ by the defendant occurred on December 30, 1980. In turn, in March of 1981, a rule was served upon the plaintiff to file a complaint per Pa.R.Civ.P. 1037(a). Thereafter, on May 27, 1981, a

complaint was filed in which the plaintiff alleged that on or about June 6, 1980, the decedent was attempting to load a roll of paper into a trailer by means of a "clamp truck" when "said trailer lurched back taking the clamp truck with it." "The rear of the clamp truck dropped into the void created between the trailer and the dock, shearing a rear roll bar and causing it to jam against the driver's seat". Death by asphyxiation occurred when the decedent/driver was trapped between the clamp truck steering wheel and the loading dock. As stated more graphically in the complaint, the decedent was "suspended by the steering wheel superiorly by the mandibles and inferiorly by the thoracic region" resulting in his being squeezed between the two objects until he became unconscious and died.

In the first five (5) counts of the complaint, the plaintiff alleged that the defendant was guilty of negligence, gross negligence, breach of contract (third-party beneficiary), breach of warranty and misrepresentation of material facts upon which the decedent relied to his detriment. Identical allegations were made in counts VI–X against two of the defendant's employees (Lester and Raymond Younkin). Next, the owner of the trailer (Milton Transportation) was alleged to be liable to the plaintiff's decedent on theories grounded in negligence, breach of contract (third-party beneficiary), breach of warranty and products liability. Lastly, in the remaining counts, the manufacturers of the trailer (Strick Corporation) and the "forklift" (Eaton Corporation) were asserted to be accountable to the decedent's estate on the basis of products liability and negligence.

On June 15, 1981, interrogatories were propounded by Strick Corporation to the plaintiff. On July 1, 1981, S. & L. Service Company filed an answer to the complaint. Eleven days later, the same party filed a praecipe to join the decedent's employer (Hammermill Paper Company) as an additional defendant.

The other parties to the suit did not stand idly by, e.g., Milton Transportation filed its answer on July 24, 1981, denying the allegations in the complaint, and, in new mat-

ter, sought indemnification and/or contribution from Strick Corporation, the manufacturer of the trailer. Further, on August 4, 1981, the defendant and the Younkins filed a complaint against the additional defendant contending that, *inter alia*, under its contract with Hammermill Paper Company its sole obligation was to "spot" the trailers at the place and position designated by Hammermill Paper Company. Also, it was averred that Hammermill Paper Company was solely responsible for the injuries sustained by the plaintiff's decedent and his ensuing death, or, in the alternative, joint and severable liability with the other defendants, by way of indemnification and contribution, was argued.

Between September of 1981 and June of 1982, the parties engaged in the filing of answers, the presentment of interrogatories and the submission of responses thereto. Further, by the end of October, 1982, the trial court had granted Hammermill's preliminary objections to its joinder as violative of the Workmen's Compensation Act (77 P.S. § 481) and the plaintiff had amended its complaint to include a wrongful death count. No additional action took place until June of 1983, September of 1984 and March of 1985 when witnesses were deposed by the plaintiff and Strick Corporation.

Even though the plaintiff filed a praecipe for trial on May 27, 1986, interrogatories were still being filed as late as July of 1986 by Eaton and Strick Corporations. In the ensuing three (3) months, discontinuances were granted as to the Younkins, Milton Transportation, Eaton and Strick Corporations. Thus, when trial commenced on October 14, 1986, only S. & L. Service Company was listed as a party-defendant. After three (3) days of trial, the jury returned a verdict finding the defendant 72.5% and the decedent 27.5% negligent. As a result, the total verdict of $390,733.00 was molded by the court to $283,281.43 to reflect the percentage of negligence attributed to the respective parties.

In accordance with *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986), the plaintiff filed a timely petition seeking the imposition of Pa.R.Civ.P.

238 delay damages "from June 6, 1981 through the date of the verdict, October 20, 1986." Additionally, the plaintiff recounted that the defendant's October 6, 1986 offer to settle for $30,000.00 vis-a-vis a demand of $90,000.00 was rejected. It also was averred that no delays (be they in the form of continuances, discovery or joinder of additional parties) could be assigned to the plaintiff. In answer, the defendant disassociated itself with any delays and asserted that the case would have been ready for trial after completion of the 1984 depositions had the plaintiff completed preparation of its expert witness reports before February and April of 1986.

To resolve any potential factual disputes attendant to the issue of delay damages, a hearing was conducted on December 10, 1986. As with any new procedure, the scope of the Rule 238 hearing was somewhat in doubt as evidenced by the remarks of counsel for the plaintiff, who stated: "I'm not exactly sure what it is the Craig case is looking for." Continuing on this point, we observe that the trial court proffered that it believed *Craig* was "attempting to have the Court assess fault ... on some relative basis for the amount of time it took to bring the case to trial", and this view obtained the concurrence of the defendant's attorney. Counsel for the plaintiff thought otherwise in that he believed *Craig* "remove[d] the irrebuttable presumption that Rule 238 established ... the only relevant consideration" to be the amount of the defendant's settlement offer and when it was made in calculating damages and replacing it with "a rebuttable presumption that the Plaintiff is entitled to delay damages unless the Plaintiff is at fault, actively at fault for delaying the case."

The factors listed in *Craig* were found to be wanting by the hearing court; however, it believed, in its "judgment, ... the Court [was] to look at how much the Defendant benefited from the delay ... by having monies still in its purse...." Notwithstanding the divergence of views as to the thrust of *Craig*, the trial court, by opinion and order dated January 28, 1987, awarded the plaintiff delay dam-

ages. However, "it [was] the Court's judgment that delay damages should be assessed no earlier than the time the matter was praeciped for trial by Plaintiff", *i.e.,* May 27, 1986.

By order of June 19, 1987, the parties stipulated to withdraw their respective post-trial motions and restrict the appeal, by the plaintiff, to inquiry on the propriety of the trial court selecting the plaintiff's praecipe for trial as the commencement date for calculating the awarding of delay damages. Notice of appeal was taken timely from the order entered.

While this case was pending before Superior Court, the Pennsylvania Supreme Court, effective November 7, 1988, rescinded the former Pa.R.Civ.P. 238 and promulgated, in its stead, a new Rule 238. Its scope, as I read it, is such that it affects only cases "in which damages for delay have not been determined." See new Rule 238(f). This has been elaborated upon in the "Explanatory Comment" portion of the new Rule as follows:

> ... The purpose of this provision [subparagraph (f) ] is to indicate that the rule applies to pending as well as future actions *but not to pending actions in which the damages for delay have been determined under the provisions and procedures of the Craig case.* Once damages for delay have been determined under *Craig,* those proceedings are final and are not to be reopened under this rule.

(Emphasis added)

I would interpret the preceding to mean that where *Craig* has been complied with in the evaluation of a plaintiff's demand for delay damages, then the damages question can be considered to have been "determined under *Craig* ", rendering "those proceedings ... final and ... not to be reopened under th[e new] rule [238]." To hold otherwise would render the use of "pending" and "determined" in the *Comment* section of the new Rule mere surplusage. In other words, if a trial court's decision regarding the issuance or non-issuance of delay damages is not to be

equated with a "determination" on the issue of delay damages, then all cases in which a review of the trial court's ruling was "pending" in an appellate court (be it Superior or Supreme) would automatically be subject to reassessment under the provisions of new Rule 238. Because such a conclusion would render ineffectual the language under the *Comment* portion of new Rule 238, that a "determination" of delay damages would insulate such a "determination" from further inquiry under the guise of new Rule 238 where the matter was "pending" review, I find a more common sense interpretation exists.

To-wit: Once damages for delay have been "determined" by a trial court, in accordance with the provisions and procedures of the *Craig* case, the matter is not subject to re-assessment merely because it was "pending" on appeal at the time that new Rule 238 became effective.

There is no indication in the new Rule that "determined" is to be an open-ended term requiring that litigants have their dispute "resolved" (*i.e.,* by order entered by the Superior or Supreme Court, or having had the option to appeal further than the trial level chose not to do so) before the effective date of the new Rule *to escape its application.*

As stated quite clearly in the *Comment* section of new Rule 238, its applicability is reserved to "pending" actions in which delay damages have yet to be "determined"/decided under the provisions and procedures of the *Craig* case. At bar, the trial court, as well as the parties, made a concerted effort to conduct a hearing consistent with the "provisions and procedures of the *Craig* case." An outgrowth thereof was the award of delay damages. Thus, although the case was "pending" before Superior Court at the time new Rule 238 became effective, I offer that one may not overlook the fact that the question of delay damages had been "determined" by the trial court consistent with the pronouncements of *Craig*, and, as always, subject to appellate review if sought by a disenchanted party. As such, under the facts here, I would not find new Rule 238 to

be a vehicle by which the whole question of the entitlement to delay damages may be inquired into a second time.

More importantly, because of the narrowness of the issue sought to be reviewed (the commencement date for the calculation of delay damages and not whether they should have been granted in the first place), I see no need to remand for compliance with the provisions of new Rule 238. Even if, *arguendo*, a remand were required, I believe the result would remain the same since the commencement date under the former Rule 238(a)(2) has been retained in new Rule 238(a)(2)(i) for actions begun before August 1, 1989, which the instant suit is one such action.[1]

Neither party disputes the imposition of delay damages. All that is assailed on appeal is whether the trial court erred in computing the date from which Rule 238 delay damages should run. (See Appellant's Brief at 3; Appellee's Brief at 1) Stated more clearly, the propriety of the time-frame chosen by the trial court for tabulating prejudgment interest under former Rule 238 is challenged, *i.e.*, the plaintiff's praecipeing the case for trial. Thus, we need not determine, first, whether the defendant was at "fault", as that term has been defined by *Craig*, so as to render the imposition of delay damages proper.

Consistent with the factors recited in *Craig*, I would examine the length of time between the starting date and verdict: (1) the cause of action arose on June 6, 1980; (2)

---

**1.** The relevant provisions of the former, but yet still applicable, Rule 238(a)(2) read:

> (a) ... in an action seeking monetary relief for bodily injury, death or property damage, or any combination thereof, the court ... shall
>
> \* \* \* \* \* \*
>
> (2) compute the damages for delay from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the award, verdict or decision.

In comparison, the relevant portions of new Rule 238(a)(2)(i) provide:

> (a)(2) Damages for delay shall be awarded for the period of time
> (i) in an action commenced before August 1, 1989, from the date the plaintiff first filed a complaint or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the award, verdict or decision[.]

one year after the cause of action accrued would bring the period under Rule 238(a)(2) to June 6, 1981;[2] and (3) since the filing of the complaint took place on May 27, 1981, it would be considered prior in time and not a proper period to be looked at under Rule 238(a)(2), or new Rule 238(a)(2)(i).

The issue posed is a straight-forward one and does not require us to delve into the justification for the issuance of delay damages. Again, I emphasize that the starting date for the entry of delay damages is the *only* issue preserved for our review, and this was accomplished by agreement of both parties involved in this appeal. Accordingly, because the verdict was entered on October 17, 1986 (see Record No. 81), the time elapsing between the starting date and verdict would be five (5) years and four (4) months.[3]

2. The same result would obtain under new Rule 238(a)(2)(i).

3. Even if the other criteria enunciated by *Craig* were to be examined, as factors to be weighed in determining the propriety of the issuance of delay damages, our conclusion would remain intact.

For instance, our Supreme Court cautioned that the lapse-time between the starting date and the verdict, in awarding delay damages, was but one factor, and not the sole criterion, upon which a determination to impose delay damages is to be made. See *Craig*, supra, 512 Pa. at 66, 515 A.2d at 1353.

As for criterion #2, neither party was responsible for the securement of a continuance. Nor is there record evidence that any of the litigants failed to comply with any request for discovery—criterion #3.

Turning to criterion #4, delay necessitated by the joinder of additional parties, it is learned that the defendant praeciped to join the plaintiff's employer (Hammermill Paper Company) as an additional defendant on July 21, 1981, and a complaint to that effect was served on August 10, 1981. The record reveals that the plaintiff, Eaton Corporation and the Younkins followed suit. However, between September of 1981 and June of 1982, the parties were preoccupied with the presentment of interrogatories and the filing of responses thereto. Thus, no time appears to have been expended on the additional defendant issue until June of 1982. On that occasion, Hammermill Paper Company field preliminary objections to its joinder as violative of, *inter alia*, the Workmen's Compensation Act. Following the submission of briefs, the trial court issued an order dated September 17, 1982, sustaining Hammermill Paper Company's preliminary objections. Accordingly, there is the passage of four (4) months consumed in the resolution of an additional defendant issue. Now, as for assigning accountability for the delay, if one were to do so, the participation of the plaintiff and the defendant in this aspect of the case should prompt this Court to find both at "fault" in protracting the

As for the trial court's rationale for commencing the calculation of delay damages when it did, we look to its opinion at pages 8–9. Therein, the trial court wrote on this subject:

> After considering the factors discussed herein, it is the Court's judgment that delay damages should be assessed no earlier than the time the matter was praeciped for trial by Plaintiff. The apportionment of damages in a case such as this involving multiple parties and multiple theories of liability is of course not an easy task and the decision in *Craig, supra* does not provide any specific guidance in carrying out this judicial function. The matters discussed in *Craig* lead the Court to conclude however that little if any early delay can be attributed to Defendant S & L Service Company and that the earliest any responsibility should be assessed would be as of the time the matter was praeciped for trial on May 27, 1986.

I disagree with the trial court as to the commencement date for tracking former Rule 238 damages. As is admitted by the trial court in its own reconstruction of the facts, the September 9, 1984, demand of the plaintiff for $90,000.00 was reasonable and the defendant/carrier "exhibited gross unreasonableness in responding to the settlement through its multi-tiered bureaucracy." As such, the trial court concluded, albeit not explicitly so stated, that "fault" had been proven and assignable to the defendant in delaying the case to completion sooner than it should have ended.

matter. Therefore, I would dismiss the effect of the delay attributed to the additional defendant issue as being neutralized by the involvement of both parties.

I would add one additional factor in assessing the justification for the awarding of delay damages, under the catch-all "other relevant factors" made mention by *Craig, i.e.,* the reasonableness of the "offer" and "demand" by the respective parties. The trial court discussed the matter at pages 8–9 of its opinion, wherein it concluded that the carrier (Defendant S. & L. Service Company) "exhibited gross unreasonableness in responding to the settlement through its multi-tiered bureaucracy.... If ever a carrier deserved to be penalized for unreasonableness and obstinance in settling a case this would be the case." I see no reason to disagree.

In so holding, I would find it notable that the Supreme Court in *Craig,* in delineating those factors to be weighed in considering the imposition of delay damages, referred to the "length of time between the starting date and the verdict" to be extant and cited its source (Rule 238(a)(2)) to that effect—now located at new Rule 238(a)(2)(i). Accordingly, *Craig* has not altered the commencement date for the running of delay damages. If such was the intent, the *Craig* Court could have very easily disapproved of the starting date for delay damages under new Rule 238 and in its place assigned a period in time to be determined by the trial court which coincided with the point "fault" had been found to have existed and running forward from said time until the verdict was issued. Given the clear language in the new Rule 238 preserving the commencement date for the calculation of delay damages under former Rule 238, (see *Comment* to new Rule 238), I see no reason not to follow the time-table enunciated in former Rule 238(a)(2), and continued in new Rule 238(a)(2)(i), to calculate delay damages.[4]

To the extent that the order of the trial court deviates from my position, I would reverse and remand the case to remedy the inconsistency as herein observed. Since the majority concludes otherwise, I respectfully dissent.

---

4. I would note, even if, *arguendo,* one were to look to new Rule 238 to determine whether delay damages should be awarded, the defendant would not be any better off since it failed to make a "written" offer of settlement in a specified sum with prompt payment to the plaintiff, nor did this transpire in any other fashion consistent with the requirements of new Rule 238(b)(1). (See Appellant's Brief at 8) Thus, I perceive that the result would not be altered whether former or new Rule 238 was the guiding light in an assessment of the entitlement to and run-date for delay damages.