557 A.2d 11

**Theresa KING**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 18, 1987.

Filed April 5, 1989.

Mark A. Corchin, Philadelphia, for appellant.

Joan Saltzman, Philadelphia, for appellee.

Before CIRILLO, President Judge, and CAVANAUGH, BROSKY, ROWLEY, McEWEN,* OLSZEWSKI, MONTEMURO, POPOVICH, and JOHNSON, JJ.

PER CURIAM:

This appeal of the Southeastern Pennsylvania Transportation Authority, defendant in a personal injury action brought by plaintiff/appellee Theresa King, is from the judgment entered on "delay damages" awarded to appellee pursuant to Pa.R.C.P. 238. The *sole* issue presented for our review is whether the trial court erred in awarding "delay damages" to appellee after having found that the delay encountered in litigating the case was not the fault of either party. For the reasons set forth below, we conclude that the trial court did not err in doing so, and we affirm the judgment entered on the award.

The events giving rise to this appeal began on February 3, 1982, when appellee was bumped by a passimeter as she passed through a subway turnstile. Although the extent of her injuries was not immediately known, appellee was un-

---

* McEwen, J., did not participate in the consideration of or decision upon this appeal.

able to work for six of the following ten months. Appellee instituted the underlying action against appellant on December 14, 1982. On July 7, 1984, appellee was diagnosed as suffering from a herniated disc. She ceased working completely in January, 1985, and underwent a lumbar laminectomy on July 17, 1986.

Appellee's action was first listed for trial in January, 1987. Appellee subsequently requested a continuance, which was not contested by appellant. On February 11, 1987, appellee made a demand of $200,000 to settle the action. On March 6, 1987, appellant made a counter-offer of $45,000. Appellee rejected the counter-offer on March 17, 1987, and trial commenced the same day. On March 23, 1987, the jury returned a verdict in favor of appellee in the amount of $200,000. However, the jury also found appellee to have been 49% causally negligent, which resulted in a reduction of the verdict to $102,000. Judgment on the verdict was entered and satisfied.

In the meantime appellee filed a petition for "delay damages" pursuant to Rule 238. The trial court determined that the delay in the case was the result of the backlog of cases in the Philadelphia Court of Common Pleas, and was not attributable to either party. In addition, the court found that there was no manifest bad faith on the part of appellant in failing to make a more substantial settlement offer prior to trial. Nevertheless, after analyzing our Supreme Court's opinion in *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986), the court awarded appellee "delay damages" in the amount of $42,160. The court reasoned that

> when both parties are blameless it would be unreasonable and unjust to deny delay damages. Fundamental fairness would require ...that the plaintiffs receive interest on what is essentially their money for the period that it is held by the defendants who, of course, have had the use of that money.

Trial Court Opinion at 6. Awarding "delay damages" under such circumstances does not penalize defendants, the court explained, because they "had an opportunity to pro-

tect themselves from exposure to delay damages by making a reasonable offer of settlement in good faith and in a timely fashion" (Trial Court Opinion at 6). To interpret *Craig* as holding that "delay damages" can be assessed against a defendant only if that defendant has actively delayed the litigation would, in the trial court's view, "emasculate Rule 238" (Trial Court Opinion at 7). Accordingly, the trial court concluded that appellee was entitled to "delay damages." Judgment was entered on the award of "delay damages," and appellant's timely appeal is now before us.

Appellant's sole argument on appeal is that, given the trial court's findings that the delay was not attributable to either party and that appellant was not guilty of manifest bad faith in failing to make a more substantial settlement offer, the court erred in awarding "delay damages" to appellee.[1] Central to appellant's argument is the assumption that the trial court erroneously interpreted the Supreme Court's decision in *Craig*.

However, subsequent to the argument of the present appeal before this Court en banc, the Supreme Court rescinded then-existing Rule 238 and promulgated, in its stead, a new Rule 238. This change, according to the Explanatory Comment to the new rule, "revises Rule 238 in light of the *Craig* decision." Subsection (f) of the new rule provides for the rule's application to "actions pending on or after the effective date of this rule [November 7, 1988] in which damages for delay have not been determined." In the cases of *Staats v. Noll*, 381 Pa.Super. 162, 553 A.2d 85 (1989), and *Miller v. Wise Business Forms, Inc.*, 381 Pa.Super. 236, 553 A.2d 443 (1989), this Court en banc has determined that new Rule 238 is applicable, in cases pending on appeal on the date the new rule was adopted and made effective, to the resolution of issues properly pre-

1. In its brief appellant presents this fundamental issue as two separate questions: 1) whether the trial court erred in its interpretation of *Craig;* and 2) whether the trial court erred in awarding delay damages in light of its findings that the delay was not caused by either party and that appellant was not guilty of manifest bad faith in failing to make a larger settlement offer.

served and presented by the appellant. Therefore, in deciding the issue raised by appellant in this case, we will apply those portions of new Rule 238 that are relevant and material to the resolution of that issue.

Turning to the new rule, we learn from subsection (b) that the rule's drafters specified two, and only two, periods of time to be excluded from the calculation of delay damages: "(1) any periods of time after which the defendant has made a written offer of settlement, the offer is continued in effect for at least ninety days or until the commencement of trial, whichever first occurs, the offer is rejected by the plaintiff, and the plaintiff does not recover more than 125 percent of the offer; and (2) any periods of time during which the plaintiff caused delay of the trial." *Miller v. Wise Business Forms*, 381 Pa.Super. at 241, 553 A.2d at 446. The drafters of the new rule "have *not* allowed for the exclusion of periods of delay not caused by either party." *Id.*, 381 Pa.Superior Ct. at 241, 553 A.2d at 446; (emphasis added). In effect, Rule 238 provides for the award, in appropriate cases, of *prejudgment interest. See Dale v. The Baltimore & Ohio Railroad Company*, 520 Pa. 96, 107, 552 A.2d 1037, 1042 (1989) ("Rule 238 prejudgment interest damages" may not be awarded in actions brought in Pennsylvania courts pursuant to the Federal Employer's Liability Act).

In *Staats v. Noll, supra,* and *Miller v. Wise Business Forms, supra,* we applied new Rule 238 to the following situation: the defendant had not made an adequate settlement offer, the plaintiff had not caused delay of the trial, the plaintiff was *not* awarded "delay damages," and the plaintiff appealed, contending that the denial of "delay damages" under such circumstances was improper. As the preceding analysis of new Rule 238 indicates, the plaintiffs' claim for relief in these cases was meritorious. "[W]here the defendant has not made an adequate settlement offer pursuant to Rule 238(b)(1) and the plaintiff has not caused delay of the trial as noted in Rule 238(b)(2)," *Miller v. Wise Business Forms*, 381 Pa.Super. at 242, 553 A.2d at 446, there is no basis on which to deny the plaintiff an award of

"delay damages." Thus, in order to afford relief to the plaintiffs, it was necessary to remand both cases to the trial courts for the calculation of "delay damages" in accordance with new Rule 238.

■ The appeal now before us presents a different factual scenario: the plaintiff *has* been awarded "delay damages" and the *defendant* has appealed, contending that the award of "delay damages" was improper. Appellant does not contend that it made an adequate settlement offer, nor does it challenge the trial court's finding that the delay was not attributable to either party.[2] Appellant's sole argument is that because *it* was not responsible for any delay, it should not be made to pay "delay damages." As the preceding discussion makes clear, however, this argument does not entitle appellant to relief under new Rule 238. We conclude that where, as here, the defendant/appellant failed to make an adequate settlement offer and the plaintiff/appellee did not cause delay, the trial court did not err in awarding "delay damages" to plaintiff/appellee.

As we have determined that appellant has no claim for relief under new Rule 238, it is not necessary, as it was in *Staats v. Noll* and *Miller v. Wise Business Forms,* to remand the case to the trial court. As there is no relief to be afforded appellant, the only result of such a remand would be the recalculation of *appellee's* "delay damages" in accordance with the new rule. Plaintiff/appellee has not appealed the judgment entered on the award of delay damages, however, and she has not challenged the amount of the award in this appeal, and in fact could not do so, *Arcidiacono v. Timeless Towns of the Americas, Inc.,* 363 Pa.Super. 528, 531 n. 2, 526 A.2d 804, 806 n. 2 (1987).

■ We hold that where, as here, the plaintiff, who has been awarded "delay damages," has requested no relief from this Court, and the defendant, who has sought relief,

---

2. Pursuant to both *Craig* and subsection (c)(1) of the revised Rule 238, the trial court may, but is not required to, hold a hearing to resolve factual disputes. In the present case, the trial court apparently made its findings without the benefit of a hearing. As appellant does not challenge those findings, this matter need not detain us further.

is entitled to none under new Rule 238, remand to the trial court for the recalculation of "delay damages" (prejudgment interest) is unnecessary. To the extent that this Court's decision in *Ceresini v. Valley View Trailer Park, Ephrata, Inc.*, 380 Pa.Super. 416, 552 A.2d 258 (1988), requires otherwise, the decision is disapproved and overruled.[3] Accordingly, we affirm the judgment entered on the award of "delay damages."

Judgment affirmed.

CIRILLO, President Judge, files a concurring opinion.

CAVANAUGH, J., files a dissenting opinion in which OLSZEWSKI, J., joins.

POPOVICH, J., files a dissenting opinion.

CIRILLO, President Judge, concurring:

I concur in the result reached by the majority opinion. I write separately to reiterate my position on the application of new rule 238 in cases presented to us on appeal. As I stated in my dissenting opinion in *Ceresini v. Valley View Trailer Park, Inc.*, 380 Pa.Super. 416, 552 A.2d 258 (1988) (en banc) (Cirillo, P.J., dissenting), and again in *Miller v. Wise Business Forms, Inc.*, 381 Pa.Super. 236, 553 A.2d 443 (1989) (en banc) (Cirillo, P.J., dissenting), although I believe that the promulgation of new rule 238 must influence our interpretation and application of *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986), I would not apply new rule 238 itself in any case in which the trial court has already made a determination of delay damages.

POPOVICH, Judge, dissenting:

I dissent consistent with my Dissenting Opinion by Popovich, J. in *Ceresini v. Valley View Trailer Park, Ephrata, Inc.*, 380 Pa.Super. 416, 552 A.2d 258 (1988) (*en banc*).

**3.** To the extent that the decision in *Modrick v. The B.F. Goodrich Company*, 383 Pa.Super. 498, 557 A.2d 363 (1989), cited by Judge Cavanaugh in his Dissenting Opinion, is inconsistent with our decision in the present case because of its reliance upon *Ceresini*, it is also disapproved and overruled.

CAVANAUGH, Judge, dissenting:

I dissent on the basis of our *en banc* opinion per curiam in *Ceresini v. Valley View Trailer Park, Ephrata, Inc.,* 380 Pa.Super. 416, 552 A.2d 258 (1988) which held that new Rule 238 "applies to all actions pending at the trial level, or on appeal, in which the issue of delay damages has been preserved and not finally determined, as in this case."

The majority opinion now holds that where the defendant against whom delay damages have been awarded has appealed, and the plaintiff having received delay damages does not appeal, then *Ceresini* should not be followed and there should be no remand for the determination of delay damages in accordance with new Rule 238.

The majority states that the plaintiff did not appeal from the award of delay damages and is therefore not entitled to relief under *Arcidiacono v. Timeless Towns of the Americas, Inc.,* 363 Pa.Super. 528, n. 2, 526 A.2d 804, 806 n. 2 (1987). That case is inapplicable as it held that the appellee could not raise the issue of contributory negligence because she had not filed a cross appeal and therefore, could not raise issues not raised by the appellant. In the case *sub judice,* the defendant did raise the issue of the propriety of the entry of delay damages. That was the *only* issue before this court. (Indeed the verdict has been paid and the consequent judgment has been satisfied.) The propriety of the award of delay damages was already on appeal and at the time there was no clear standard for the calculation of delay damages as the new rule had not been promulgated at the time the appeal was taken. The plaintiff should not be faulted for lacking prescience. Since the solitary issue on appeal is whether the trial court correctly applied *Craig v. Magee Memorial Rehabilitation Center,* 512 Pa. 60, 515 A.2d 1350 (1986) there is no point in asserting a cross appeal to raise precisely the same issues.

The majority opinion cites *Staats v. Noll,* 381 Pa.Super. 162, 553 A.2d 85 (1989) and *Miller v. Wise Business Forms, Inc.,* 381 Pa.Super. 236, 553 A.2d 443 (1989). Both of these cases relied on *Ceresini, supra,* which the majority now disapproves and overrules to the extent that *Ceresini v.*

*Valley View Trailer Park, Ephrata, Inc., supra,* is inconsistent with the present majority opinion. The instant case and *Ceresini, supra,* involved an appeal by the defendant where delay damages had been entered. The issue in both cases was whether the entry of delay damages was proper. The majority states that new Rule 238 is applicable to cases pending on appeal as of the effective date of the Rule, November 7, 1988, where the resolution of the issue of delay damages has been properly preserved and presented by the appellant, but nevertheless, reaches the anomalous result of affirming an award of delay damages based on former Rule 238. A fundamental difference exists in both rules in the calculation of the amount of delay damages, and the rules are discrete in other respects. If we are correct that the revised Rule 238 applies to cases where the issue has been preserved on appeal, then there is no reason to emasculate the rule and apply it only in part.

The majority, in effect, has ruled that delay damages were properly awarded, albeit in an incorrect amount, and fails to remand for a proper determination under new Rule 238 because the plaintiff below did not file a cross appeal on the basis of the new Rule which did not exist at the time the appeal was taken.

The majority opinion conflicts with *Modrick v. B. F. Goodrich Co.,* 383 Pa.Super. 498, 557 A.2d 363, (1989) which involved an appeal by the defendant from the imposition of delay damages. We found the award of delay damages to have been proper but not in conformity with new Rule 238, and accordingly, remanded. The plaintiff in *Modrick* did not file a cross appeal, and none was required since both parties contemplated that the appeal would resolve the issue of delay damages in its entirety.

In *Baker v. S. & L. Service Co.,* 381 Pa.Super. 637, 554 A.2d 565 (1989) the plaintiff appealed although delay damages were imposed in her favor. Neither party disputed the imposition of delay damages, although the appellant challenged the date on which the delay damages should commence running. We remanded for the assessing of delay damages under new Rule 238.

The majority result works an unfair economic hardship to plaintiffs who have not filed meaningless cross appeals. If, as should be done, the case is remanded for calculation of delay damages under the revised Rule 238 the plaintiff (who did not take this appeal) would be entitled to delay damages under the newly provided standard upon the court's recalculation.

I would also point out that under *Ceresini,* and presumably the present majority, new Rule 238 applies only to those cases pending on appeal on November 7, 1988. This represents a constantly dwindling number of cases and the majority's apparent reluctance to remand for a proper determination of delay damages seems unjustified in view of this fact.

Finally, I dissent because the matter is moot. Both parties to the dispute have moved to withdraw the appeal as they have reached an amicable resolution. As we recently noted in our *en banc* decision in *Sonder v. Sonder,* 378 Pa.Super. 474, 482, 549 A.2d 155, 159 (1988): "existence of actual controversy is essential to appellate jurisdiction and if an event occurs rendering it impossible for appellate court to *grant* any relief, issue is moot."

OLSZEWSKI, J., joins.