876 F.2d 327
 Claude R. FAUBER, Jr., Administrator of the Estate of Bryan
D. Fauber, Deceased,
v.
KEM TRANSPORTATION AND EQUIPMENT COMPANY, INC., James E.
Pfautz, Hudson Trailer and Truck Rental Company, Gek
Rentals, Hughes Printing Company, a Division of Monroe
Printing Company, and Pennsylvania Power and Light Company
(Third Party Plaintiff)
v.
The BOROUGH OF EAST STROUDSBURG, Third Party Defendant.
Appeal of HUGHES PRINTING COMPANY, A DIVISION OF MONROE
PRINTING COMPANY.
 Nos. 88-5729, 88-5765.
 United States Court of Appeals,
Third Circuit.
 Argued Jan. 31, 1989.
Decided May 31, 1989.
As Amended Aug. 21, 1989.
 
 Joseph P. Lenahan (argued), Lenahan & Dempsey, P.C., Scranton, Pa., for appellant.
 Terrence R. Nealon (argued), Thomas J. Foley, Jr. and Associates, P.C., Scranton, Pa., for appellee Claude R. Fauber, Jr., Administrator of the estate of Bryan D. Fauber, deceased.
 Before HUTCHINSON, SCIRICA and NYGAARD, Circuit Judges.
 OPINION OF THE COURT
 HUTCHINSON, Circuit Judge.
 
 I.
 
 1
 Hughes Printing Company (Hughes) appeals from two orders of the United States District Court for the Middle District of Pennsylvania.[1] The first, dated September 1, 1988, imposed all taxable costs on Hughes and released the other defendants from the taxation of costs.[2] The second, dated September 21, 1988, granted plaintiff/appellee Claude R. Fauber, Jr.'s (Fauber's) motion to reconsider an order dated August 14, 1987 denying Fauber's motion for assessment of delay damages against Hughes and instead awarded Fauber delay damages of $20,073.60. In awarding delay damages, the district court re-examined and reversed its earlier analysis of Craig v. Magee Mem. Rehab. Center, 512 Pa. 60, 515 A.2d 1350 (1986). In Craig the Supreme Court of Pennsylvania had suspended the mandatory feature of former Pennsylvania Rule of Civil Procedure 238; but reaffirmed the availability of delay damages in tort, upon a case specific examination of relevant factors, where the jury verdict is more than 125% of the settlement offer made by the defendants.
 
 
 2
 On the merits, Hughes contends that the district court's initial conclusion was correct because Craig requires us to reconsider our decisions holding that the mandatory imposition of delay damages under the suspended rule is a matter of state substantive law. We reject Hughes's argument and hold that the Pennsylvania law on delay damages in tort, whether awarded under the suspended rule, Craig or the present version of Rule 238 is substantive for purposes of Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Therefore, under Erie, it must be followed by federal courts sitting in diversity cases. Consistent with the principles of Erie, we also hold that the current version of Rule 238 must be applied to all cases pending on or after November 7, 1988, the date it was promulgated.[3] Pa.R.Civ.P. 238(f). We will therefore affirm the district court's order granting delay damages, but will modify it to reflect the floating rate schedule provided in the November 7, 1988 version of the rule.[4]
 
 II.
 
 3
 The district court had subject matter jurisdiction over Fauber's claim for personal injuries under 28 U.S.C.A. Sec. 1332(a) (West Supp.1989). We have appellate jurisdiction pursuant to 28 U.S.C.A. Sec. 1291 (West Supp.1989). Review of the applicability of Rule 238 in this diversity case is plenary.[5]
 
 III.
 
 4
 On September 13, 1983, a motorcycle driven by plaintiff's decedent Bryan Fauber collided with a truck driven by James Pfautz while the truck was backing into Hughes's loading dock. The truck was owned by KEM Transportation Company, Inc. (KEM). Fauber filed a complaint against Pfautz, KEM, and Hughes on September 11, 1985. He concurred in Hughes's motion to continue trial from the November, 1986 to the December, 1986 trial list. All parties agreed on an extension of the time for discovery and trial was again continued until the March, 1987 trial list. Counsel agreed to another continuance until April and the district court heard arguments on all outstanding motions on April 16, 1987.
 
 
 5
 Before jury selection, plaintiff had demanded a total of $1,000,000 in damages. Thereafter, his lowest demand was $400,000. Hughes was asked to contribute $200,000, one-half of the total. It offered only $50,000, and Fauber rejected that offer. The other defendants settled and signed releases absolving themselves of further liability. After a ten day trial, in which all defendants participated, the jury was asked to determine Fauber's total damages, whether Hughes was liable and, if so, the extent of its liability in comparison with that of the other parties. The jury found that the decedent was 50% negligent, Pfautz was 20% negligent, (attributable also to KEM) and Hughes was 30% responsible. The district court awarded Fauber $89,805.40 against KEM and Pfautz and $134,708.27 against Hughes out of a total jury verdict of $449,027.36.[6]
 
 
 6
 On May 7, 1987, Fauber filed a motion to assess delay damages against Hughes, relying on Craig. The district court denied this motion on August 14, 1987. Fauber filed for reconsideration on August 24, 1987. After argument on July 11, 1988, the district court granted reconsideration and awarded delay damages of $20,073.60 by order dated September 21, 1988.
 
 
 7
 Fauber then asked that costs be taxed against the defendants. The district court stayed this matter pending Hughes's appeal of the verdict to this Court. We affirmed that verdict by judgment order on January 28, 1988. Fauber v. KEM Transp. & Equip. Co., 838 F.2d 1205 (3d Cir.1988). Thereafter, Fauber filed an initial and supplemental bill of costs and, on March 24, 1988, the clerk of the district court assessed total costs against all defendants (KEM, Pfautz and Hughes) in the amount of $5,494.05. On September 1, 1988, the district court overruled Hughes's objection to this assessment of costs, released KEM and Pfautz from their payment and added to the costs taxed by the clerk stenographers' fees of $3,945.11, for a total of $9,439.16.
 
 IV.
 
 8
 Former Rule 238 automatically provided delay damages in tort actions for personal injuries and death, without regard to the cause of the delay, whenever a jury awarded more than 125% of the settlement sum a defendant had offered. In Craig, the Supreme Court of Pennsylvania, citing Fourteenth Amendment concerns, suspended the provisions of Rule 238.[7] Craig, 512 Pa. at 65, 515 A.2d at 1253. The Craig court retained the 125% test and listed several factors to be considered in assessing responsibility for delay. Id. Craig stated that this procedure and these principles would remain in effect "until a new Rule on delay damages can be promulgated." Id.[8]
 
 
 9
 Considerable confusion about the circumstances requiring delay damages followed in both federal and state courts. Here, Fauber argues that Craig only changed Rule 238 from "an uncontestable presumption" to a rebuttable presumption that the defendant caused the delay, and that this change did not affect its substantive nature for Erie purposes.
 
 
 10
 In Jarvis v. Johnson, 668 F.2d 740, 741 (3d Cir.1982), we concluded that Rule 238 "must be applied by the federal courts sitting in Pennsylvania." We based our holdings on two district court decisions applying Rule 238,[9] the Supreme Court of Pennsylvania's decision in Laudenberger v. Port Auth. of Allegheny County, 496 Pa. 52, 436 A.2d 147 (1981) (upholding Rule 238 under the Pennsylvania Constitution), and the policies embodied in Erie.[10]
 
 
 11
 In Salas v. Wang, 846 F.2d 897 (3d Cir.1988), we dealt with an analogous New Jersey rule. Citing Jarvis, we concluded "[t]he district court correctly determined that, under [Erie ], it should apply the New Jersey prejudgment interest rule in this diversity action." Id. at 909 n. 13. In Poleto v. Consolidated Rail Corp., 826 F.2d 1270, 1274 n. 6 (3d Cir.1987), also citing Jarvis, we contrasted personal injury actions under the Federal Employers' Liability Act (FELA) with "the situation where federal jurisdiction is predicated upon diversity of citizenship; there, matters of prejudgment interest are considered substantive and are governed by state law." Id. at 1274 n. 6.
 
 
 12
 In Monessen Southwestern Ry. v. Morgan, --- U.S. ----, 108 S.Ct. 1837, 100 L.Ed.2d 349 (1988), the United States Supreme Court observed that the Supreme Court of Pennsylvania "characterized Rule 238 as a mere 'rule of procedure' " but rejected that approach and reversed its Rule 238 award of delay damages to an FELA plaintiff, stating that the availability of prejudgment interest was a matter of federal law. Id. at 1841, 1842. The Court stated that "prejudgment interest constitutes too substantial a part of a defendant's potential liability under FELA for this Court to accept a State's classification of a provision such as Rule 238 as a mere 'local rule of procedure.' " Id. at 1843 (footnote omitted).[11] We must be wary of importing the dichotomy of the substance/procedure label from one context to another. Nevertheless, while these FELA cases are not controlling, they inferentially support Fauber's position.
 
 
 13
 We believe neither the Pennsylvania Supreme Court's decision in Craig nor the November 7, 1988 version of Rule 238 deprives Pennsylvania law on delay damages in tort of its substantive character for Erie purposes.[12] The test of whether a rule of law is substantive or procedural for Erie purposes is neither its state label nor the purpose the state ascribes to it. Guaranty Trust Co., 326 U.S. at 109, 65 S.Ct. at 1470. The proper inquiry is
 
 
 14
 "Whether application of the rule would make so important a difference to the character or result of the litigation that failure to enforce it would unfairly discriminate against citizens of the forum State, or whether application of the rule would have so important an effect upon the fortunes of one or both of the litigants that failure to enforce it would be likely to cause a plaintiff to choose the federal court."
 
 
 15
 Hanna v. Plumer, 380 U.S. 460, 468 n. 9, 85 S.Ct. 1136, 1142 n. 9, 14 L.Ed.2d 8 (1965). A difference is significant if it induces litigants with a choice of forums to pick one over the other. In that sense, the availability of prejudgment interest strikes us as significant. Accordingly, we approve the view set out in the opinion of the district court. See also Salas, 846 F.2d at 909 n. 13; Poleto, 826 F.2d at 1274 n. 6.
 
 
 16
 We can think of no better answer for Hughes's arguments than the statement in Jarvis analyzing the Erie decisions and explaining its rationale:[13]
 
 
 17
 While Rule 238 may have been designed to expedite the processing of litigation in Pennsylvania, its application nevertheless results in increasing the amount of damages a plaintiff can receive and a defendant must pay, over the amount of damages that would be awarded in the absence of the Rule. As a consequence, even though adopted by Pennsylvania for control of litigation in the Pennsylvania state courts, the existence of Rule 238 has a clear and undeniable effect on the monetary outcome of a suit. Its applicability in a given forum is therefore an influence on decisions of plaintiffs and defendants as to the desirability of bringing or defending litigation in that particular forum. To this extent at least, it is clear that the decision of a federal court to apply or not to apply Rule 238 is "outcome determinative."
 
 
 18
 Jarvis, 668 F.2d at 745. We also noted in Jarvis, "[i]f Rule 238 is applied in the federal courts as it is in the Pennsylvania courts, a federal plaintiff will have the opportunity to obtain additional damages in the form of prejudgment interest--damages the plaintiff would not otherwise receive under present federal statutes and rules." Id. (footnote omitted) (emphasis added). That rationale continues to apply under Craig and has equal force under the November 7, 1988 version of Rule 238.
 
 V.
 
 19
 Hughes also argues that Rule 238 is in conflict with Federal Rules of Civil Procedure 11 and 37, which make no provision for prejudgment interest or delay damages as such.[14] We agree with Hughes that neither Rule 11 nor 37 makes provision for delay damages. See Jarvis, 668 F.2d at 741 n. 1 ("[f]ederal statutory law currently makes no provision for prejudgment interest"). However, they are meant to sanction and thus deter litigator misconduct, a difference in purpose and effect from that served by Rule 238, which is designed to promote settlement and has the effect of compensating a plaintiff for the lost time value of money when a defendant fails to make a reasonable offer of settlement. We see no overriding or conflicting federal interest which would prohibit Rule 238 delay damages in federal diversity cases. Rules 11 and 37 do not authorize recovery of prejudgment interest, and the plaintiff seeking recovery under them is not favored with any Rule 238 presumption.
 
 
 20
 Rule 238, in all its versions, permits a successful tort plaintiff to recover prejudgment interest on his claim unless the defendant can show the plaintiff himself improperly caused the delay. It is substantive for Erie purposes.[15]
 
 VI.
 
 21
 Finally, we must determine whether delay damages in this case are governed by Craig or the November 7, 1988 version of Rule 238. Again, we look to Pennsylvania law for guidance. Rule 238(f) itself provides that "[t]his rule shall apply to actions pending on or after the effective date of this rule in which damages for delay have not been determined."
 
 
 22
 The Pennsylvania Supreme Court has not yet decided whether the November 7, 1988 version of Rule 238 applies to cases pending on appeal as of that date. Therefore, we look to intermediate appellate court decisions which, while not conclusive, aid us in predicting how the state's highest court might decide the issue. McGowan v. University of Scranton, 759 F.2d 287, 291 (3d Cir.1985); Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273-74 (3d Cir.1985). The Pennsylvania Superior Court has held that the November 7 version applies to cases on appeal. King v. Southeastern Pa. Trans. Auth., 557 A.2d 11, 12 (1989); Miller v. Wise Business Forms, Inc., 381 Pa.Super. 236, ----, 553 A.2d 443, 446 (1989). We find these cases persuasive and predict that the Pennsylvania Supreme Court, which issued the order promulgating the text of the rule, will do the same.
 
 
 23
 The key to the application of both the original and the current versions of Rule 238 is the defendant's presentation of a reasonable offer to settle. In both versions a reasonable offer has been made when the eventual jury verdict is not more than 125% of this offer. The major non-procedural change of the new rule is its substitution of a floating interest rate for the former flat 10% rate.
 
 
 24
 We are persuaded by the text of Pennsylvania Rule of Civil Procedure 238(f) and the decisions of the Pennsylvania Superior Court that the Pennsylvania Supreme Court will apply the November 7, 1988 text of Rule 238 to all cases in which the issue of delay damages has not yet been finally determined. Accordingly, we will so apply it here.
 
 VII.
 
 25
 The decision of the district court taxing costs against appellant of $3,945.11 in addition to those allowed by the clerk in his original order of taxation is affirmed; its decision of September 28, 1988 is modified to award delay damages at the fluctuating rate provided by the November 7, 1988 version of Pennsylvania Rule of Civil Procedure 238, in the amount of $21,091.74, as calculated by the parties in their stipulation of February 6, 1988 and, as so modified, is affirmed.
 
 
 
 [1]
 These appeals were consolidated by order of this Court dated October 18, 1989
 
 
 [2]
 Regarding the taxation of costs, Hughes asserts the district court abused its discretion in three respects: (1) failing to consider the jury's findings on the comparative negligence of the settling co-defendants and so apportion the costs accordingly; (2) taxing the full expense for printing and duplicating photos not introduced at trial; and (3) taxing stenographic fees for pre-trial depositions. We have considered these arguments and hold they lack merit. We will therefore affirm the district court's order of September 1, 1988
 
 
 [3]
 Hughes also argues that the district court violated the doctrines of res judicata and law of the case in reconsidering its initial order denying delay damages. Hughes did not raise this argument before the district court. Rather, in its opposition to Fauber's motion for reconsideration, Hughes merely "reiterate[d] its position that Rule 238 Damages are not warranted." Appellant's Appendix (App.) at 90a. Therefore, this argument is waived and we will not consider it. We note, however, that Fauber's motion for reconsideration, though made under Local Rule 604, must be treated as one made under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment. The district court's order denying delay damages would be subject to reconsideration under standard law of the case doctrine if there were an intervening change in the controlling law. In this respect, the post-Craig confusion in the law was not comprehensively dealt with until the Pennsylvania Superior Court decided Kuchak v. Lancaster Gen. Hosp., 377 Pa.Super. 288, 547 A.2d 372 (1988) (defendant relying on Craig is relieved from Rule 238 delay damages only to the extent that he proves delay was caused by plaintiff). We do not believe the district court abused its discretion in granting reconsideration
 
 
 [4]
 The district court applied the uniform 10% rate set forth in the former version of the rule and awarded delay damages of $20,073.60. The parties stipulated, however, that if the November 7, 1988 version's floating rate applies, the amount would be $21,091.74
 
 
 [5]
 Review of whether reconsideration of the Rule 238 issue was proper is for abuse of discretion. The same abuse of discretion standard applies with respect to the three issues on taxation of costs. As noted, we find none in any of these four results. See supra notes 2 and 3
 
 
 [6]
 Since KEM and Pfautz settled before trial, they were not required to make any payment to Fauber. Under Charles v. Giant Eagle Markets, 513 Pa. 474, 482, 522 A.2d 1, 5 (1987), they were also not entitled to seek contribution from Hughes and Hughes was required to pay the full amount of the judgment against it to Fauber
 
 
 [7]
 In promulgating the original version of Rule 238, the Pennsylvania Supreme Court determined its provisions for delay damages were procedural within the meaning of Pa. Const. art. V, Sec. 10(c), which gives that court power to promulgate procedural rules. Laudenberger v. Port Auth. 496 Pa. 52, 436 A.2d 147 (1981). That label is required if the rule is to have validity under the Pennsylvania Constitution. Its characterization for Pennsylvania purposes is at least implicitly continued under Craig. Cf. Craig, 512 Pa. at 66-67, 515 A.2d at 1354 (Hutchinson, J., concurring) ("the rule addresses substantive issues"). Recently, a panel of the Pennsylvania Superior Court held that revised Rule 238 remains essentially procedural. Sherill v. Port Auth., --- Pa.Super. ----, 556 A.2d 450 (1989). The Pennsylvania label is not controlling for Erie purposes. Guaranty Trust Co. v. York, 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945)
 
 
 [8]
 On November 7, 1988, Rule 238 was amended. Whereas the old version stated that "the court ... shall add" delay damages to the jury's verdict, the amended rule states that "damages for delay shall be added ... in the decision of the court." Pa.R.Civ.P. 238(a)(1). Other changes in response to concerns expressed in Craig about the original rule's validity under the equal protection clause of the Fourteenth Amendment to the United States Constitution eliminated a defendant's liability for delay caused by a plaintiff. Pa.R.Civ.P. 238(a)(1), (b)(2)
 
 
 [9]
 Bullins v. City of Philadelphia, 516 F.Supp. 728 (E.D.Pa.1981) and Renner v. Lichtenwalner, 513 F.Supp. 271 (E.D.Pa.1981)
 
 
 [10]
 Erie distinguished matters of "substance" from "procedure" in determining what issues in diversity cases are controlled by state law. In Guaranty Trust Co., the Court refined the dichotomy by formulating an "outcome-determinative" test. It stated that "the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." Guaranty Trust Co., 326 U.S. at 109, 65 S.Ct. at 1470. Hughes says that Craig changed Rule 238 from "a damage oriented [purpose] back to its original intended delay oriented rationale." Brief for Appellant at 15. This change of purpose, Hughes argues, undercuts Jarvis 's Erie analysis. It contends that "viewing the present Rule 238 as modified by Craig, using an outcome determinative test, it becomes apparent that the present Rule should not be applied in Federal diversity cases." Id. We believe it is the effect of a legal rule on the outcome of a case, not the forum's purpose in adopting it, which controls the Erie issue
 
 
 [11]
 It noted our conclusion in Poleto that Rule 238 is substantive in nature. Id. at 1843 n. 4
 
 
 [12]
 Of course, there are aspects of both the Craig decision and Rule 238 which are purely procedural. For example, Craig sets forth a procedure on petition and a rule for deciding the extent to which delay damages should be imposed under Rule 238. That provision does not govern in the district courts. Instead, the motion practice of the federal rules, specifically Rule 59(e), applies
 
 
 [13]
 We note that each of the other federal circuit courts apply state or local law to determine a party's right to prejudgment interest in diversity cases. See American Home Assur. Co. v. Dykema, Gossett, Spencer, Goodnow & Triggs, 811 F.2d 1077, 1088 (7th Cir.1987); James B. Lansing Sound, Inc. v. National Union Fire Ins. Co., 801 F.2d 1560, 1569 (9th Cir.1986); Smith v. Industrial Constructors, Inc., 783 F.2d 1249, 1250 (5th Cir.1986); Rhea v. Massey-Ferguson, Inc., 767 F.2d 266, 270 (6th Cir.1985); Jennings v. Dumas Pub. School Dist., 763 F.2d 28, 33 (8th Cir.1985); Parsons & Whittemore Ala. Mach. & Servs. Corp. v. Yeargin Constr. Co., 744 F.2d 1482, 1484 (11th Cir.1984); United States Life Ins. Co. v. Mechanics & Farmers Bank, 685 F.2d 887, 897 (4th Cir.1982); Schneider v. Lockheed Aircraft Corp., 658 F.2d 835, 855 (D.C.Cir.1981); Valle v. Joint Plumbing Indus. Bd., 623 F.2d 196, 205 n. 19 (2d Cir.1980); Roy v. Star Chopper Co., 584 F.2d 1124, 1135 (1st Cir.1978), cert. denied, 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed.2d 466 (1979); Casto v. Arkansas-Louisiana Gas Co., 562 F.2d 622, 625 (10th Cir.1977)
 
 
 [14]
 Rule 11 requires the court to impose sanctions upon a party and/or his counsel if the court finds that a pleading, motion or other paper was signed in violation of the Rule. Rule 37 allows the court to impose sanctions for discovery violations
 
 
 [15]
 Moreover, not even the purpose of Pennsylvania's Rule 238 has changed. It has always had, pre- and post-Craig, the purpose of encouraging settlement and reducing forum congestion and delay. See Laudenberger, 496 Pa. at 61, 436 A.2d at 152; Sherrill, 381 Pa.Super. at ----, 556 A.2d at 455. Wolfe v. Stover, 378 Pa.Super. 313, 548 A.2d 628, 629 (1988). That purpose continues under the current rule