568 A.2d 224

**Frank SHELLHAMER, Appellee,**

v.

**Nadine GREY, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 13, 1989.

Filed Dec. 27, 1989.

124

Michael B. Kaleugher, Pittsburgh, for appellant.

Michael Balzarini, Pittsburgh, for appellee.

Before WIEAND, TAMILIA and HESTER, JJ.

WIEAND, Judge:

This is an appeal by a defendant from an order awarding delay damages under amended Pa.R.C.P. 238. The case is unusual because of the manner in which it wended its way through the courts while the rule was being amended, first by Supreme Court decision and secondly by an amended rule.

On June 26, 1981, Frank Shellhamer, age thirty-seven and mildly retarded, was struck by a car driven by Nadine Grey as Shellhamer attempted to cross a four-lane freeway in Mt. Lebanon, Allegheny County. Shellhamer incurred a skull injury which, even after surgery, augmented his mild retardation and made it more acute. On October 27, 1982, Shellhamer filed a complaint in trespass against Grey. On April 19, 1984, shortly before trial, Grey's insurance carrier offered in settlement the $25,000.00 limit of Grey's insurance policy. Shellhamer rejected the offer, and the matter proceeded to trial. On January 14, 1985, the jury returned a verdict in favor of Shellhamer, which, after adjustment on account of his contributory negligence, was molded as $233,750. Shellhamer petitioned for and was granted damages for delay pursuant to Pa.R.C.P. 238 in the amount of $36,929.34. The amount was calculated at the rate of ten (10%) percent per annum from the filing of the complaint on October 27, 1982 to May 8, 1984. Grey's post-trial motions were denied, and she appealed.

While this appeal was pending, the Supreme Court handed down its decision in *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986), which suspended the mandatory provisions of Rule 238 requiring the assessment of delay damages without regard to fault. Thereafter, the Court said, a plaintiff's right to delay damages was to be based on considerations of fault and was to be determined upon petition and answer.

Also during the pendency of Grey's appeal, the Superior Court decided *Berry v. Anderson*, 348 Pa.Super. 618, 502 A.2d 717 (1986), which held that "a plaintiff shall not be awarded damages for delay pursuant to Pa.R.C.P. 238 after the date of the defendant's offer when the court determines that, because of the defendant's indigency, the offer was the full amount available for payment of the plaintiff's claim and it was impossible for the defendant to have offered more." *Id.*, 348 Pa.Superior Ct. at 627, 502 A.2d at 722.

When Grey's appeal came before the Superior Court, the Court remanded the case to the trial court to redetermine

Shellhamer's right to delay damages in accordance with *Craig* and *Berry*. *Shellhamer v. Grey*, 359 Pa.Super. 499, 519 A.2d 462 (1986), *allocatur denied*, 515 Pa. 594, 528 A.2d 603 (1987).

■ Before the matter came before the trial court on remand, the Supreme Court had rescinded Pa.R.C.P. 238 and substituted an amended version, to become effective on November 7, 1988. Subsection (f) of the amended rule provides that it "shall apply to actions pending on or after the effective date of this rule in which damages for delay have not been determined." Pa.R.C.P. 238(f). Since Grey's liability for delay damages had not been finally determined when the new rule became effective, revised Rule 238 was applicable. See: *Ceresini v. Valley View Trailer Park*, 380 Pa.Super. 416, 552 A.2d 258 (1988) (en banc); *Miller v. Wise Business Forms, Inc.*, 381 Pa.Super. 236, 553 A.2d 443 (1989) (en banc).

At an evidentiary hearing on January 13, 1989, the parties stipulated that, except for the policy of insurance which had been issued by Erie Insurance Exchange, Grey was indigent at all relevant times. Therefore, the learned trial judge computed delay damages on the amount of the verdict, at rates prescribed by amended Rule 238, from the date of filing the complaint until April 19, 1984, when Grey's insurer offered to pay policy limits. The amount of delay damages was determined to be $44,663.45. Grey again appealed.

■ Her first argument on appeal is that where an indigent defendant has offered all available assets and the plaintiff has refused to accept them in settlement of a claim, the defendant should be excused from paying any delay damages. We reject this argument. Although amended Rule 238 contains language that is different than the original rule, the reasoning of the Superior Court in *Berry v. Anderson, supra,* continues to be relevant. The payment of delay damages is excused in such cases only after policy limits have been offered in settlement of plain-

tiff's claim against the indigent defendant. The amended rule contains no language that would exclude an award of delay damages by a defendant prior to the offering of policy limits. Instead, it excludes awards of delay damages only during (1) any periods of time after which the defendant has made a written offer of settlement, the offer is continued in effect for at least ninety days or until the commencement of trial, whichever first occurs, the offer is rejected by the plaintiff, and the plaintiff does not recover more than 125 percent of the offer; and (2) any periods of time during which the plaintiff caused delay of the trial. *King v. Southeastern Pa. Transp. Auth.*, 383 Pa.Super. 420, 424, 557 A.2d 11, 13 (1989), citing *Miller v. Wise Business Forms*, 381 Pa.Super. 236, 241, 553 A.2d 443, 446 (1989) (en banc); Pa.R.C.P. 238(b). No other exclusions are permitted. Where a defendant has not made an adequate offer of settlement and the plaintiff has not delayed the trial, the plaintiff is entitled to recover delay damages. In this case an adequate offer was made for the first time on April 19, 1984.

■ Amended Pa.R.C.P. 238(a)(3) directs that delay damages "shall be calculated at a rate equal to the prime rate as listed in the first edition of the Wall Street Journal published for each calendar year for which the damages are awarded, plus one percent, not compounded." This amended rule, as we have observed, is applicable to actions such as the present one in which damages for delay have not been determined. Its application is not prevented merely because it results in a higher rate than that previously assessed, from which an appeal was successfully prosecuted by the defendant-appellant.

A more difficult issue is whether delay damages should be calculated on the amount of the verdict or on the total assets of the defendant, all of which were offered in settlement of plaintiff's claim prior to trial. The defendant-appellant contends that it is wholly unrealistic and unfair to assess delay damages on an amount which cannot be real-

ized by the plaintiff because it exceeds the defendant's ability to pay.

Pa.R.C.P. 238(a)(1) provides that "damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff. . . ." Although the rule also establishes the rate at which delay damages are to be calculated and the periods of time for which damages for delay shall be awarded, the rule does not state expressly to what amount the established rate shall be applied to determine the amount of delay damages which are to be added to the award of compensatory damages.

■ In *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 436 A.2d 147 (1981), the Supreme Court likened delay damages under Rule 238 to pre-judgment interest. If a defendant failed to move expeditiously and adequately to settle a claim for an amount determined to be reasonable in accordance with the terms of the rule, that defendant would be required to pay pre-judgment interest. This payment of interest, the Court said, would serve to indemnify the plaintiff for the money he would have earned on his award if it had been promptly paid in much the same manner as in breach of contract cases. *Id.*, 496 Pa. at 65, 436 A.2d at 154. In contract cases, the amount of interest is determined by applying the rate thereof to the amount owed, and not according to the defendant's ability to pay. Neither is it determined by applying the rate of interest to the amount of an offer of settlement made by the defendant. It is measured, simply, by applying the rate of interest established by law or contract to the amount of money owed.

■ Amended Rule 238 will be interpreted in the same way. Where pre-judgment interest is payable to compensate a plaintiff for the delay in receiving monetary damages owed as a result of a defendant's tort, the amount thereof will be determined by applying the rate established by Pa.R.C.P. 238 to the amount determined to be due.

■ Finally, appellant argues that amended Rule 238 is unconstitutional because it violates principles of equal protection and due process and also because it exceeds the Court's power to adopt rules pertaining to procedure. The same or similar arguments, however, were examined carefully by the Supreme Court and rejected in *Laudenberger v. Port Authority of Allegheny County, supra.* We are bound by that decision, and it would be spurious for us to reconsider the same issues in this appeal.

Judgment affirmed.