**Joseph TEMPLIN and Janet Templin**

v.

**Thomas HANSFORD and M.F.C.H., Inc.**

**Civ. A. No. 88–8998.**

United States District Court, E.D. Pennsylvania.

May 16, 1990.

Robert B. White and Jonathan Kirk Miller, Philadelphia, Pa., for plaintiffs.

James C. Haggerty and Curtis P. Cheyney, III, Philadelphia, Pa., for defendants.

## MEMORANDUM

WALDMAN, District Judge.

On March 20, 1990, judgment was entered in the above case consistent with a jury verdict for plaintiff Joseph Templin and against defendants in the amount of $282,779.00, returned on March 16, 1990. Plaintiff now moves pursuant to Rule 238 of the Pennsylvania Rules of Civil Procedure for an additional award of delay damages. Plaintiff also moves for an award of post-judgment interest from the date of the verdict until the judgment entered thereon is satisfied. For the reasons that follow, plaintiff's motion will be granted.

### I. DELAY DAMAGES

This court is obligated to apply the Pennsylvania law on delay damages when sitting in diversity. *See Fauber v. KEM Transportation and Equipment Co., Inc.,* 876 F.2d 327 (3d Cir.1989). Because the current version of Rule 238 was promulgated by the Supreme Court of Pennsylvania on November 7, 1988, and was effective as of this date, this Rule must be applied to the case presently before the court. *See Fauber, supra.*

Pursuant to Rule 238, a defendant may avoid delay damages for two discrete periods of time: (1) the time after which defendant has made a *written* settlement offer continued in effect for at least 90 days and which offer was rejected by plaintiff, provided plaintiff's verdict does not exceed 125% of that written settlement offer; and (2) that period during which plaintiff caused delay of the trial.

Defendants have satisfied neither of the exclusions contained in Rule 238. At no time during this action was a written settlement offer made to the plaintiff. Moreover, the only oral offer made by the defendants to the plaintiff was for $150,000, an amount exceeded by the verdict by more than 125%. In addition, defendants have pointed to no evidence suggesting that plaintiff caused any delay in this litigation. Consequently, the court concludes that plaintiff is entitled to an award of delay damages as permitted by Rule 238.

Pursuant to Rule 238, delay damages are calculated from the date plaintiff first filed a complaint or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the verdict. In this case, the latter date for calculating delay damages is the one-year anniversary of plaintiff's accident, May 19, 1989. Accordingly, plaintiff is entitled to delay damages for the 301-day period from May 19, 1989 to March 16, 1990. The calculation of delay damages under Rule 238 is based on the prime rate as set forth in the first edition of the *Wall Street Journal* for a particular year. The applicable rate of interest is the prime rate as announced in the *Wall Street Journal* plus one percent. The prime rate set forth in the First Issue of the *Wall Street Journal* for 1989 was 10.5%. Accordingly, plaintiff is entitled to 11.5% interest on the verdict over the 301-day period. This amounts to a total award for delay damages of $26,817.52.

Defendant argues that it should not have to pay delay damages on the $15,000 amount which they sought to have deducted from the judgment in their motion to mold the verdict. Because the court previously denied defendants' motion to mold the verdict, plaintiff is entitled to the full award of delay damages.

### II. POST-JUDGMENT INTEREST

Plaintiff claims to be entitled to post-judgment interest as permitted by 28 U.S.C. § 1961. Awards of post-judgment interest, however, under section 1961 are only available when the action arises under federal statute. *See Bonjorno v. Kaiser Aluminum and Chemical Corp.,* 865 F.2d 566, 570 (3d Cir.1989), *cert. granted,* —— U.S. ——, 109 S.Ct. 3184, 105 L.Ed.2d 693 (1989); *Poleto v. Consolidated Rail Corp.,* 826 F.2d 1270, 1274 (3d Cir.1987). Because this case was a diversity action, the law of Pennsylvania governs the award of any post-judgment interest. Plaintiff is entitled to an award of six percent interest for the delay on any payment on the verdict. *See* 42 Pa.Cons.Stat.Ann. § 8101. Accordingly, defendants must pay 6% interest for

each day following the verdict when payment was not made.

## III. CONSTITUTIONAL CHALLENGE TO RULE 238

Although defendants do not seriously challenge plaintiff's calculation of delay damages under Rule 238, they do contend that Rule 238 is unconstitutional because it violates due process. The predecessor to the current Rule 238 was previously held by the Pennsylvania Supreme Court to be unconstitutional. *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986). In light of the *Craig* decision, the Supreme Court subsequently rescinded the old Rule 238.

The defendants rely primarily upon the dissenting opinions of Judges Cirillo and Popovich in several recent cases. *See, e.g., Schrock v. Albert Einstein Medical Center*, 386 Pa.Super. 215, 224, 562 A.2d 875, 881 (Pa.Super.1989) (Popovich, J., dissenting); *Ceresini v. Valley View Trailer Park*, 380 Pa.Super. 416, 421, 552 A.2d 258, 260 (1988) (Cirillo, P.J., dissenting). In their respective dissenting opinions, they suggest that new Rule 238 fails to remedy the problems that the Pennsylvania Supreme Court identified in the *Craig* case. Although the court has considerable regard for Judges Cirillo and Popovich, it finds the majority opinions of the Superior Court to be persuasive. In *Ceresini, supra*, the Superior Court stated that it "must assume that the new Rule 238 is simply an embodiment of the changes contemplated by our Supreme Court in *Craig....*" *Ceresini*, 552 A.2d at 259. The Court there stated that if it were "to ask if the lower court properly complied with the requirements of *Craig*, logically we would be compelled to find that the new Rule 238 is a specific promulgation of the Supreme Court's intention as set forth in the *Craig* opinion." *Id.* This court also believes that new Rule 238 is specifically designed to address the constitutional infirmities identified by the state Supreme Court in *Craig*.

The defendants contend that new Rule 238 is still unconstitutional because it violates due process, specifically because it is "unfair to make a defendant pay for court-caused administrative delay." The court interprets defendants' argument as a challenge to Rule 238 on substantive due process grounds, in that they clearly suggest that regardless of what procedure is used, the assessment of such costs is capricious. Although it is unclear from defendants' brief whether they are relying upon the United States Constitution, the Constitution of the Commonwealth of Pennsylvania, or both, the court notes that the standard for substantive due process under both is substantially the same. *See Laudenberger v. Port Authority of Allegheny*, 496 Pa. 52, 70, 436 A.2d 147 (1981).

To satisfy the requirement of substantive due process under the Pennsylvania Constitution, 42 Pa.Cons.Stat.Ann. Const. Art. 1 § 11, a law "must not be unreasonable, unduly oppressive or patently beyond the necessities of the case, and the means which it employs must have a real and substantial relation to the object sought to be obtained." *Laudenberger*, 496 Pa. at 70, 436 A.2d 147. Similarly, to satisfy substantive due process under the United States Constitution, a state action must be rationally related to a legitimate state purpose and must not result in the arbitrary deprivation of life, liberty or property. *See Bello v. Walker*, 840 F.2d 1124, 1128–29 (3d Cir.1988). Consequently, if Rule 238 is reasonable, substantially related to a legitimate purpose of the Commonwealth and does not arbitrarily result in the deprivation of life, liberty or property, it satisfies substantive due process.

Rule 238 reflects the rational state objective of fostering the settlement of legitimate claims. As the Court of Appeals for the Third Circuit recently noted, Rule 238 has the purpose of "encouraging settlement and reducing forum congestion and delay." *Fauber, supra*, 876 F.2d 332, n. 15 (*citing Laudenberger*, 496 Pa. at 61, 436 A.2d 147). The Pennsylvania Supreme Court in *Laudenberger* stated that the purpose of Rule 238 is "the encouragement of defendants to settle meritorious claims as soon as is reasonably possible." *Laudenberger*, at 69, 436 A.2d 147. This court has

recognized that there is a public policy in favor of "the amicable adjustment of disputes and the avoidance of costly and time-consuming litigation." *See Pugh v. Super Fresh Food Markets, Inc.,* 640 F.Supp. 1306, 1307 (E.D.Pa.1986); *Rosso v. Foodsales, Inc.,* 500 F.Supp. 274, 276 (E.D.Pa. 1980). Clearly, the Commonwealth's interest in promoting early settlement of bona fide claims is legitimate. In fact, the Court in *Craig* stated that "[w]e do not overrule the rationales of *Laudenberger,* for they have vitality of their own in the context of the end sought." *Craig,* 515 A.2d at 1353.

An analysis of new Rule 238 in light of the Commonwealth's goal reveals that the operation of the Rule bears a rational and substantial relation to its articulated objective. The present form of the rule encourages defendants to assess claims promptly and to make reasonable settlement offers (within 25% of any judgment awarded) to avoid paying prejudgment interest on the award. *See Laudenberger,* 496 Pa. at 69, 436 A.2d 147. By eliminating the payment of prejudgment interest for periods of delay caused by plaintiffs, new Rule 238 avoids the arbitrary assessment of costs on defendants. It is not unreasonable or arbitrary to hold a defendant accountable for the delay inherent in the system in which he forces a plaintiff to seek redress when that defendant resists a legitimate claim and thereby enjoys the use of funds during the period of litigation which should have been used to satisfy that claim.

The court concludes that new Rule 238 has rational and substantial relationships to the legitimate state purpose of encouraging the prompt satisfaction of meritorious claims and its operation and application does not deprive parties of property arbitrarily. Accordingly, the court concludes that the Rule comports with the requirements of substantive due process under the Constitutions of the United States and Pennsylvania.

An appropriate order will be entered.

### ORDER

AND NOW, this 16th day of May, 1990, upon consideration of plaintiff's Motion to Add Delay Damages and to Award Post-Judgment Interest, and defendants' response thereto, IT IS HEREBY ORDERED that plaintiff's Motion is GRANTED, in that:

(1) an award in the amount of $26,817.52 for delay damages is entered in favor of plaintiff and against defendants; and

(2) plaintiff is awarded post-judgment interest on the damages found by the jury, at the rate of six percent from March 16, 1990, until the judgment is satisfied.