905 F.2d 702
 17 Fed.R.Serv.3d 115
 Eleanor ROSEN and Henry Rosen, individually and as wife and
husband, and Michelle Rosen, Appellants in Nos.
89-1583 and 89-1798,
v.
Jesse L. RUCKER and Huss Incorporated, a/k/a Huss, Inc. and
Huss Incorporated Contract Carrier, a/k/a Huss, Inc. and T.
Baxter Huss, individually and t/d/b/a Huss Incorporated,
a/k/a Huss, Inc. and Huss Incorporated Contract Carrier,
a/k/a Huss, Inc. and Edwina L. Huss, individually and
t/d/b/a Huss Incorporated, a/k/a Huss, Inc. and Huss
Incorporated Contract Carrier, a/k/a Huss, Inc.
Appeal of Jesse RUCKER and Huss Incorporated, a/k/a Huss,
Inc., in Nos. 89-1765 and 89-1818.
 Nos. 89-1583, 89-1798, 89-1765 and 89-1818.
 United States Court of Appeals,
Third Circuit.
 Argued Jan. 22, 1990.
Decided June 18, 1990.
 
 R. Steven Shisler (argued), Bernard L. Kubert & Associates, P.C., Philadelphia, Pa., for appellants, cross-appellees, Eleanor Rosen, Henry Rosen, and Michelle Rosen.
 Arthur W. Hankin, Audrey Caplin Friedel (argued), Bolger, Picker & Weiner, Philadelphia, Pa., for appellees, cross-appellants, Jesse Rucker and Huss, Inc.
 Before SLOVITER, HUTCHINSON and COWEN, Circuit Judges.
 OPINION OF THE COURT
 SLOVITER, Circuit Judge.
 
 I.
 Introduction
 
 1
 On this appeal, the defendants challenge the district court's award to the successful plaintiff of delay damages pursuant to Pennsylvania Rule of Civil Procedure 238. Defendants claim the award was improper because they made an oral settlement offer, the plaintiffs' settlement demand was unreasonably high, the plaintiffs did not disclose the full extent of their claims before trial, and the plaintiffs allegedly delayed the trial. The issues presented require us to delve into the effect of the revisions to Rule 238.
 
 II.
 Facts and Procedural History
 
 2
 On June 19, 1986, a truck owned by defendant Huss, Inc. and operated by defendant Jesse Rucker hit plaintiffs' automobile, injuring Eleanor and Michelle Rosen. Plaintiffs brought this diversity action on April 29, 1988, alleging negligence and numerous violations of city and state law. Eleanor and Michelle Rosen demanded damages for bodily injuries, disfigurement, mental anguish, medical expenses, lost earnings and lost earning capacity while Henry Rosen demanded damages for medical expenses and loss of consortium. Service on defendants was made approximately one month later.
 
 
 3
 Throughout the pretrial phases plaintiffs demanded a settlement of $1,200,000, which the district court characterized as "unreasonably excessive." Supp.App. at 8. At trial, plaintiffs lowered their demand to $750,000. Defendants orally proffered $300,000 but made no written settlement offer. On May 16, 1989, following a jury trial, a judgment of $151,000 was entered in favor of Eleanor Rosen, of $189,000 in favor of Michelle Rosen, and of $25,000 in favor of Henry Rosen, for a total judgment for plaintiffs of $365,000. Two days later, plaintiffs moved to amend the judgment to allow for an award of delay damages under Pennsylvania's Rule 238. The district court denied the motion on June 15, 1989 and five days later, on June 20, 1989, plaintiffs filed a motion for reconsideration of the denial of delay damages.
 
 
 4
 On July 12, 1989, while their motion for reconsideration was pending, plaintiffs filed a notice of appeal of the June 15, 1989 order denying their motion for delay damages. The appeal was docketed in this court at No. 89-1583.
 
 
 5
 The district court then granted the motion for reconsideration on August 24, 1989, and awarded delay damages of $27,713. It explained that while the earlier denial had been based on the fact that the verdict had been within 125% of defendants' oral settlement offer, reexamination of Pennsylvania law disclosed that Rule 238 required a written settlement offer. On September 1, 1989, the court increased the award to $39,622 to correct for a computational error.
 
 
 6
 On September 8, 1989, defendants filed a notice of appeal of the August 24, 1989 order granting delay damages, which was docketed in this court at No. 89-1765. Thereafter, on September 20, 1989, plaintiffs filed their second notice of appeal from the court's June 15 order, even though the court had thereafter awarded them delay damages. That appeal was docketed at No. 89-1798. Finally, on September 22, 1989, defendants appealed from the district court's September 1, 1989 order increasing the award, which was docketed at No. 89-1818.
 
 III.
 Statutory Background
 
 7
 Pennsylvania Rule of Civil Procedure 238 provides for delay damages in actions for bodily injury, death, or property damages. Delay damages are, in essence, prejudgment interest awarded to a successful plaintiff. The Rule has a checkered history. The original version, adopted in 1978, required the award of delay damages for the entire period between the filing of an action and the eventual judgment whenever the defendant failed to make a written settlement offer or plaintiff recovered more than 125% of any such offer. The Rule was promulgated by the Pennsylvania Supreme Court as an "experiment" with several aims: compensating plaintiffs for the inability to use funds rightfully due them; alleviating congested court dockets; and encouraging settlement of meritorious claims. See Craig v. Magee Memorial Rehabilitation Center, 512 Pa. 60, 64, 515 A.2d 1350, 1352 (Pa.1986); see also Laudenberger v. Port Auth. of Allegheny County, 496 Pa. 52, 59-60, 436 A.2d 147, 150-51 (Pa.1981).
 
 
 8
 The Pennsylvania Supreme Court rejected a constitutional challenge to the rule in Laudenberger, but then in Craig, when faced with a defendant's claim that the delay was not due to it but to plaintiff, it held that Rule 238 violated defendant's due process rights because it "has become an uncontestable presumption that all fault lies with a defendant." Craig, 512 Pa. at 65, 515 A.2d at 1353. Accordingly, the Court suspended the rule and established guidelines for courts to follow until a constitutional version of the rule could be promulgated. 512 Pa. at 66, 515 A.2d at 1353. It informed trial courts that in awarding delay damages they should consider not merely the time elapsed but also "the parties' respective responsibilities in requesting continuances, the parties' compliance with rules of discovery; the respective responsibilities for delay necessitated by the joinder of additional parties; and other pertinent factors." Id.
 
 
 9
 The current version of Rule 238, promulgated by the Pennsylvania Supreme Court on November 7, 1988, revised the rule "in light of the Craig decision." Pa.R.Civ.P. 238 (Explanatory Comment).[1] As in the prior version of the rule, the period of time for which delay is calculated excludes the period of time after which the defendant made a written settlement offer if the plaintiff was not awarded more than 125% of the offered amount. Pa.R.Civ.P. 238(b)(1). The principal post-Craig change is the exclusion of the period of time during which plaintiff caused delay of the trial. Pa.R.Civ.P. 238(b)(2). Although there has been much debate in the Pennsylvania courts over the constitutionality of the new rule, see, e.g., Dietrich v. J.I. Case Co., 390 Pa.Super. 475, 568 A.2d 1272, 1280 (Pa.Super.1990) (Cirillo, P.J., concurring and dissenting) (rule exceeds rulemaking authority of state supreme court because it "does not consider the fault of both the defendant and the plaintiff"); Schrock v. Albert Einstein Medical Center, 386 Pa.Super. 215, 235-36, 562 A.2d 875, 885 (1989) (Cirillo, P.J., dissenting) (rule unconstitutionally punishes defendant in the absence of fault); Craig, 512 Pa. at 66-67, 515 A.2d at 1354 (Hutchinson, J., concurring) (rule addresses substantive issues outside court's rule-making power), the Pennsylvania courts have thus far rejected constitutional attacks. See, e.g., Shellhamer v. Grey, 390 Pa.Super. 122, 568 A.2d 224, 228 (1989); Dietrich, 568 A.2d at 1279. The constitutionality of the rule is not at issue in this appeal.
 
 
 10
 This court has determined that for purposes of the Erie doctrine the rule is substantive and thus applies in federal courts sitting in diversity. See Fauber v. Kem Transp. and Equip. Co., 876 F.2d 327, 328 (3d Cir.1989); cf. Monessen Southwestern Ry. Co. v. Morgan, 486 U.S. 330, 336, 108 S.Ct. 1837, 1843, 100 L.Ed.2d 349 (1988) (state court may not apply Rule 238 in action under Federal Employers' Liability Act but must look to federal law on prejudgment interest); Savarese v. Agriss, 883 F.2d 1194, 1207 (3d Cir.1989) (rule not applicable when claim is predicated on federal law). The parties agree that the current version of the rule applies to this case.
 
 IV.
 Jurisdictional Issues
 
 11
 Defendants raise several jurisdictional issues which go both to this court's jurisdiction to hear plaintiffs' appeals and to the district court's jurisdiction to enter the order granting delay damages. The central issue in defendants' argument revolves on the propriety of characterizing a motion for delay damages as a Rule 59(e) motion.
 
 A.
 Plaintiffs' Appeals
 
 12
 Plaintiffs' May 18, 1989 motion to amend the judgment to include an award of delay damages did not specify which Federal Rule of Civil Procedure it was brought under. We had previously held that post-trial motions to award delay damages under the prior version of Rule 238, which mandated an award of delay damages and permitted no factfinding, were to be construed as Rule 60(a) motions to correct clerical errors. See Aloe Coal Co. v. Clark Equip. Co., 816 F.2d 110, 112-13 (3rd Cir.), cert. denied, 484 U.S. 853, 108 S.Ct. 156, 98 L.Ed.2d 111 (1987); Hayden v. Scott Aviation, Inc., 684 F.2d 270, 272 (3d Cir.1982). After the rule was revised, we stated in dictum in Fauber v. Kem Transp. and Equip. Co., 876 F.2d at 328 n. 12, that Rule 59(e) governs motions for delay damages under revised Rule 238.
 
 
 13
 Under the revised version of the rule, the award of delay damages is not merely a clerical matter because the rule grants the trial court discretion to consider whether plaintiff caused delay of the trial. In addition, the court must consider whether, if defendant made a structured settlement offer in lieu of a cash offer, the settlement offer was equivalent to an adequate cash offer. Pa.R.Civ.P. 238(b)(1). The trial court may hold a hearing to determine the propriety and amount of delay damages. Pa.R.Civ.P. 238(c)(1).
 
 
 14
 Such a motion is analogous to a motion for discretionary prejudgment interest which the Supreme Court unanimously held in Osterneck v. Ernst & Whinney, 489 U.S. 169, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989), constitutes a Rule 59(e) motion. Under federal laws providing for discretionary prejudgment interest, such as the securities laws at issue in Osterneck, the court must consider many factors in determining the amount of interest to award, including the degree of defendant's culpability, the extent to which interest is necessary to make the plaintiff whole, and whether the plaintiff delayed in bringing suit. Id. at 991. Because such "considerations are intertwined in a significant way with the merits of the plaintiff's primary case[,] ... a postjudgment motion for discretionary prejudgment interest involves the kind of reconsideration of matters encompassed within the merits of a judgment to which Rule 59(e) was intended to apply." Id. at 991-92 (footnote omitted).[2]
 
 
 15
 Treating a motion for delay damages under revised Rule 238 as a Rule 59(e) motion maintains relatively simple and comprehensible rules of procedure. See id. at 992 n. 3. Also, it avoids piecemeal appellate review by ensuring that the underlying merits and the grant or denial of delay damages will be considered in the same appeal. Thus, to the extent the issue remains open, we hold that motions for delay damages under revised Rule 238 should, like the discretionary motions for prejudgment interest considered in Osterneck, be characterized as Rule 59(e) motions which toll the time for filing a notice of appeal.[3] See Fed.R.App.P. 4(a)(4).
 
 
 16
 Defendants argue that plaintiffs' first appeal self-destructed when plaintiffs filed their motion to reconsider the denial of delay damages. Defendants' argument has no significance in the present posture of this case. When the district court granted plaintiffs' motion for reconsideration and awarded delay damages, it gave the plaintiffs all they were seeking in the appeals. A party who is not aggrieved cannot appeal. Perez v. Ledesma, 401 U.S. 82, 87 n. 3, 91 S.Ct. 674, 678 n. 3, 27 L.Ed.2d 701 (1971); Watson v. City of Newark, 746 F.2d 1008, 1010-11 (3d Cir.1984). We will, therefore, dismiss both of plaintiffs' appeals.[4]
 
 
 17
 Of course, we retain jurisdiction over defendants' appeals of the orders granting delay damages.
 
 B.
 District Court Jurisdiction to Reconsider
 
 18
 Defendants argue that the district court was without power to grant plaintiffs' motion to reconsider the denial of delay damages because the current version of Pennsylvania Rule 238(c)(1), which requires a motion for delay damages to be filed within 10 days after the verdict, contains a "Note " stating that "[a]n order of the court on the motion for delay damages shall not be subject to a motion for post-trial relief." According to defendants, this language bars a district court from reconsidering its denial of delay damages.
 
 
 19
 Even if the Note were to be interpreted as defendants suggest, an issue we do not reach, the procedure contained in the Note is not applicable in a federal court sitting in diversity. In Fauber, 876 F.2d at 331, we held that Rule 238 is substantive and thus, under Erie, must be applied in diversity cases. However, we noted that "there are aspects of both the Craig decision and Rule 238 which are purely procedural. For example, Craig sets forth a procedure on petition and a rule for deciding the extent to which delay damages should be imposed under Rule 238. That provision does not govern in the district courts." Id. at 331 n. 12. A prohibition on post-trial motions is similarly procedural and thus should not be applied in federal diversity cases.
 
 
 20
 Plaintiffs' motion for delay damages, which we have concluded was a Rule 59(e) motion which tolled the time for all parties to file notices of appeal, was filed within the requisite ten days of the judgment, and their motion for reconsideration was the first request to reconsider the denial.[5] Consequently, we reject defendants' argument that the district court had no power to enter the order awarding delay damages, and we turn, finally, to an examination of the merits.[6]
 
 V.
 Merits
 
 21
 Rule 238 excludes from the period for delay damages the period after defendant makes a written offer if plaintiff does not recover "more than 125 percent" of the offer, as well as the period during which plaintiff caused delay of the trial. Pa.R.Civ.P. 238(b). The requirement of a written offer is very clear; the period of time for which damages shall be calculated
 
 
 22
 shall exclude the period of time, if any, (1) after which the defendant has made a written offer of [settlement] ... and continued that offer in effect for at least ninety days or until commencement of trial, whichever first occurs.
 
 
 23
 Pa.R.Civ.P. 238(b)(1).
 
 
 24
 Under the rule, the defendants bear the burden of showing that plaintiffs were not entitled to delay damages. See Pa.R.Civ.P. 238 (Explanatory Comment). It is uncontested that defendants failed to make a written settlement offer. The district court found that defendants had made an oral offer of $200,000 at a pretrial settlement conference and an oral offer of $300,000 on the eve of trial. Defendants strenuously argue that under the new fault-based principles of the rule a written offer should not be required in all circumstances. However, their argument is contrary to the clear language of the rule.
 
 
 25
 Furthermore, Pennsylvania courts applying the new rule have uniformly held that a written offer is the sine qua non to any tolling of the delay damage period, unless it is established that the plaintiff caused delay. See, e.g., Shellhamer v. Grey, 568 A.2d 224, 227 (Pa.Super.1989); Tindal v. Southeastern Pennsylvania Transit Auth., 385 Pa.Super. 94, 102, 560 A.2d 183, 187 (1989); Snelsire v. Moxon, 384 Pa.Super. 85, 88-89, 557 A.2d 785, 787 (1989) (in banc); Sherrill v. Port Auth. of Allegheny County, 383 Pa.Super. 104, 110, 556 A.2d 450, 453 (1989). Thus, even if the defendant is not at fault for any delay, it must pay delay damages if it fails "to meet the initial requirement of a bonafide [sic] offer of settlement, which would have served to insulate [it] from delay damages." Dietrich, 568 A.2d at 1279; see King v. Southeastern Pennsylvania Transp. Auth., 383 Pa.Super. 420, 424-25, 557 A.2d 11, 13 (1989).
 
 
 26
 Defendants argue that the Pennsylvania courts have read the rule liberally when it appeared that innocent defendants would otherwise be unfairly treated. They point to the Pennsylvania Superior Court's decisions in Shellhamer v. Grey, 359 Pa.Super. 499, 506, 519 A.2d 462, 465-66 (1986), allocatur denied, 515 Pa. 594, 528 A.2d 603 (1987), and Berry v. Anderson, 348 Pa.Super. 618, 627, 502 A.2d 717, 722 (1986), where the court waived the requirement that the settlement offer be within the amount specified by the rule when the defendant was financially incapable of making a settlement offer of the required amount. However, in a subsequent opinion in Shellhamer issued by the Superior Court after the parties briefed the issue in this court, the court explained that even an indigent defendant must make the highest offer which it is financially capable of making, which includes the full amount of any applicable automobile insurance policy. See Shellhamer v. Grey, 568 A.2d 224, 226-27 (Pa.Super.1989). The exception carved in Berry and Shellhamer is narrow and does not derogate from the primacy of the written offer requirement.
 
 
 27
 We see nothing unreasonable or burdensome about the written offer requirement. In any settlement negotiation one party must make the first move. The Pennsylvania Supreme Court has chosen to impose on defendants the burden of taking that first step and to require that that step be memorialized in writing. Patently, this aids in the efficient administration of Rule 238. It avoids the deluge of satellite litigation concerning whether the defendants actually made an offer, the amount of the offer, when it was made and the period for which it was held open.
 
 
 28
 Because defendants failed to make a written offer, they are liable for delay damages except for any period they can show that plaintiffs were responsible for delays of trial. Defendants contend that plaintiffs caused delay of the trial by failing to effectuate service until almost one month after the filing of the complaint and by requesting a continuance when the case was tenth in the trial pool. The Explanatory Comment to Rule 238 states that "not every procedural delay is relevant to the issue of delay damages, but only such occurrences as actually cause delay of the trial.... Otherwise, the introduction of the fault concept and its attendant hearing would create a large new field of court hearings revolving around evidence of dilatory compliance with discovery procedures...." Pa.R.Civ.P. 238 (Explanatory Comment); see Tindal, 385 Pa.Super. at 102-03, 560 A.2d at 187-88 (trial court should not subtract time when plaintiffs' delay did not contribute to breakdown of normal progress of the litigation). The district court here specifically found that no delay was attributable to plaintiffs, and we have no reason to disturb that finding.
 
 
 29
 Defendants also contend that even if plaintiffs did not delay the trial, their conduct hindered settlement negotiations and thus, defendants should not be charged with delay damages. In particular, they contend that plaintiffs' settlement demands, which the district court characterized as "unreasonably excessive," Supp.App. at 8, and plaintiffs' failure to disclose a substantial economic damage claim until the eve of trial made settlement impossible.[7] Defendants' argument raises troubling questions.
 
 
 30
 It is possible that grant of delay damages without regard to the plaintiffs' unreasonable settlement position would, in an appropriate case, run afoul of the Craig court's concern about the assessment of delay damages against defendants "without regard to fault," as well as substantive Due Process. Craig, 512 Pa. at 65, 515 A.2d at 1353. The Pennsylvania Supreme Court has not addressed whether or when a trial court may consider other dilatory conduct of plaintiffs, including actions that hinder evaluation of a plaintiff's claim or the commencement of settlement negotiations. It may be that in light of the direction that the new rule be read "in light of the Craig decision," Pa.R.Civ.P. 238 (Explanatory Comment), the reasonableness of a plaintiff's settlement demand and the failure to disclose the extent of claims are the type of "pertinent factors" which Craig directed must be considered. See Craig, 512 Pa. at 66, 515 A.2d at 1353.
 
 
 31
 The Pennsylvania Superior Court has found that it is improper to award the full amount of delay damages against a defendant when the extent of plaintiff's injuries were unknown. See Sherrill v. Port Auth. of Allegheny County, 383 Pa.Super. 104, 556 A.2d 450 (1989) (when unforeseen significantly higher damages were discovered after remand for a new trial, award of damages for the period between filing and the first verdict must be calculated based on the damages that were foreseeable at that time). The court reasoned that "a party who is sued can only be charged with a duty to make a fair settlement offer when it can be said that he has a full opportunity to wholly assess the claim against him." 383 Pa.Super. at 124, 556 A.2d at 460.
 
 
 32
 On the other hand, the Pennsylvania Superior Court has twice considered and rejected the argument that an unreasonable settlement demand should reduce the delay damages to which the plaintiff is entitled. See Schrock v. Albert Einstein Medical Center, 562 A.2d 875, 876 (Pa.Super.1989) (in banc) (four-judge plurality held that plaintiff's failure to make a reasonable offer is not a procedural delay which actually prolonged the trial and thus does not serve to reduce defendant's liability for delay damages when the defendant has not made an adequate written offer); Modrick v. B.F. Goodrich, Co., 383 Pa.Super. 498, 557 A.2d 363, 366-67 (1989).
 
 
 33
 We note that there is significant division on this issue within the Pennsylvania Superior Court. In Schrock, Judge Popovich emphasized in dissent that the new rule should be read with Craig in mind, stating that "to the extent that new Rule 238 appears to be a reversion to pre-Craig days (of awarding delay damages without the presence of "fault"), I would read the Rule as supplementing Craig and not supplanting it...." Id. at 881. Similarly, President Judge Cirillo, in a separate dissent, argued that the imposition of delay damages when a plaintiff has failed to make a reasonable opening offer would be fundamentally unfair. "A settlement is an agreement between two parties and therefore presumably requires an effort on the part of both.... If the plaintiff makes a demand which, when considered in light of the jury verdict, appears unreasonable, the plaintiff is at least as responsible for going to trial as the defendant." Id. at 884.
 
 
 34
 In this case, we need not make the difficult prediction of which view the Pennsylvania Supreme Court would adopt. Because defendants failed to meet the first requirement of Rule 238, a written offer, we will not address their contentions that plaintiffs' high settlement demand and their failure to disclose the extent of their lost future earnings claim should reduce or eliminate delay damages. Under the record before the district court, it did not err as a matter of law nor abuse its discretion in granting delay damages.
 
 VI.
 Conclusion
 
 35
 For the foregoing reasons, plaintiffs' appeals will be dismissed and the district court's orders awarding delay damages will be affirmed.
 
 
 
 [1]
 For actions commenced before August 1, 1989, as this action was, a defendant must pay delay damages on the amount of the judgment from the date of filing of the complaint or one year after the date of the accrual of the cause of action (whichever is later) to the date of the award. Pa.R.Civ.P. 238(a)(2)(i). For actions commenced on or after August 1, 1989, damages for delay are calculated from "a date one year after the date original process was first served in the action up to the date of the award, verdict or decision." Pa.R.Civ.P. 238(a)(2)(ii)
 
 
 [2]
 The Court noted, in dictum, that the result should be the same where prejudgment interest is available as of right. 109 S.Ct. at 992 n. 3
 
 
 [3]
 Such motions are to be distinguished from motions for attorney's fees, see White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), and costs, see Fincher v. Keller Indust., Inc., 905 F.2d 691 (3d Cir.1990), which are viewed as collateral to the action, and therefore are not governed by Rule 59(e)
 
 
 [4]
 Defendants have requested the imposition of Rule 11 sanctions against plaintiffs on the ground that plaintiffs' second appeal was frivolous and in bad faith. Because we have determined that plaintiffs have a colorable (although erroneous) argument that such a protective appeal was necessary, we do not find that the appeal was frivolous or brought in bad faith. However, plaintiffs, who were denominated appellants because they filed the first notice of appeal, should more properly be considered appellees because they are defending the district court's decision. It would have been preferable for the parties to have requested the Clerk of this court to realign them for purposes of the appeal
 
 
 [5]
 This is unlike the situation in Turner v. Evers, 726 F.2d 112, 114 (3d Cir.1984), where we held that defendants' motion asking the district court to reconsider its denial of defendants' Rule 59 motion for a new trial was a motion for
 rereconsideration because the trial court was being asked to reconsider the underlying judgment for a second time. In this case, the district court was not presented with a third trip to the same examination table.
 
 
 [6]
 Defendants also argue that the district court could grant the motion to reconsider only if there was an intervening change in the controlling law. Appellees' Brief at 14. Defendants rely on language in Fauber, 876 F.2d at 328 n. 3 that the order denying delay damages "would be subject to reconsideration under standard law of the case doctrine if there were an intervening change in the controlling law." However, in Fauber the court was responding to the defendants' argument that the reconsideration violated the law of the case doctrine. There is no indication that the court meant to limit the usual rule that the district court is free to reconsider its decisions based on any reasonable ground
 
 
 [7]
 It appears from the record that during discovery Michelle and Eleanor Rosen indicated that they planned to claim decreased future earning capacity, but that both remained employed after the accident. See Plaintiffs' Pre-Trial Memorandum, App. at 52-53. At one point Eleanor indicated that her total future wage loss amounted to approximately $250,000. See Plaintiffs' Pre-Trial Settlement Memorandum, App. at 96. On the eve of trial, however, expert reports prepared for plaintiffs indicated that Eleanor's future wage loss claim was $360,000 to 1.3 million and that Michelle's claim was $1.8 to 2.4 million. Report of Saul Leshner, App. at 109, 113; Report of David Bunin, App. at 120, 124